SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X
COUNTY OF NASSAU,

                                     Petitioner,

     - against -

JUDITH L. CHASE, JOSEPH M. ZORC
and ZORC & CHASE,

                                   Respondents.
------------------------------------------------------------------X

Index No. 07-023186

**NOTICE OF PETITION
TO CONFIRM
ARBITRATION AWARD**

**PLEASE TAKE NOTICE** that upon the attached Verified Petition of the County of

Nassau, verified on December 28, 2007 by Deputy Nassau County Attorney Ralph J. Reissman,

and the exhibits annexed thereto, the award of the panel of arbitrators composed of Eugene I.

Farber, Esq., Edna R. Sussman, Esq. and Michael G. Berger, Esq. in the arbitration proceeding

between Judith L Chase, Joseph M. Zorc and Zorc & Chase, as Claimants, and the County of

Nassau, as Respondents, signed and affirmed in the Award of Arbitrators dated October 17,

2007, duly delivered by the American Arbitration Association to the County of Nassau on

October 17, 2007, which Award of Arbitrators was clarified in the arbitrators' Order dated

November 28, 2007, duly delivered by the American Arbitration Association to the County of

Nassau on November 29, 2007, and upon all prior pleadings and proceedings, the undersigned

will make an application to this Court, at the Courthouse, 100 Supreme Court Drive, Mineola,

New York, at an IAS Part _____, on February 8, 2008 at 9:30 a.m. or as soon thereafter as

counsel may be heard, for an order and judgment pursuant to CPLR 7510 confirming the above

arbitration award on the grounds that the award was duly rendered and delivered to the County of

Nassau less than one year prior to the commencement of this proceeding and has not been

vacated or modified under CPLR 7511, and directing judgment to be entered upon the award

pursuant to CPLR 7514, awarding costs and disbursement of this proceeding, and granting such

other and further relief as the Court deems proper.

    **PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR 403(b), respondents'

answer and supporting affidavits, and any other papers in opposition to the above special

proceeding, if any, are required to be served upon the undersigned at least seven days before the

above return date.

Dated:  Mineola, New York
        December 28, 2007

                                LORNA B. GOODMAN
                                Nassau County Attorney

                                By:  Ralph J. Reissman
                                Deputy County Attorney
                                General Litigation Bureau
                                One West Street
                                Mineola, New York 11501
                                (516) 571-3046

TO:
Judith L. Chase, Joseph M. Zorc and Zorc & Chase
1719 19th Street, N.W.
Washington, D.C. 10009-1605
Tel:  (202) 667-5000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
COUNTY OF NASSAU,

                                   Petitioner,                    Index No. 07-023186

           - against -
                                                                  **VERIFIED PETITION**
JUDITH L. CHASE, JOSEPH M. ZORC                                   **TO CONFIRM**
and ZORC & CHASE,                                                 **ARBITRATION AWARD**

                                   Respondents.
----------------------------------------------------------------X

        Petitioner, the County of Nassau, by and through the Office of Lorna B. Goodman,

County Attorney for the County of Nassau, alleges as follows:

        1.      On or about August 2, 1993 the County of Nassau and the law offices of Zorc &

Chase entered into a written agreement (the "Agreement"), which Agreement incorporated Zorc

& Chase's Proposal dated July 27, 1993. A copy of the Agreement, including the Proposal, is

annexed hereto as Exhibit "A."

        2.      In the Agreement, the parties agreed to arbitrate any controversies arising out of

the Agreement, and further agreed to accept as binding the award which would be rendered by

the arbitrators. Specifically, Paragraph 13 of the Agreement provides in full:

> This Agreement and the rights and obligations of the parties hereto
> shall be governed by and construed in accordance with the law of
> the State of New York. In the event of any dispute, claim or
> controversy arising hereunder or in connection herewith, the matter
> will be submitted for binding arbitration to a panel of three
> commercial arbitrators qualified by the American Arbitration
> Association, pursuant to the rules, regulations and guidelines of the
> American Arbitration Association. The parties agree that the
> decision of arbitrators will be binding and not subject to appeal,
> except solely and exclusively on the grounds set forth in the New
> York Civil Practice Law & Rules. The venue of any such
> arbitration and hearing sill be exclusively at the Garden City, New
> York regional offices of the American Arbitration Association.

3       Further, the Proposal at p. 6, "General Conditions," paragraph II, states:  "The agreement resulting from the County's acceptance of this Proposal shall be governed by and construed in accordance with the law of the State of New York."

4.      Subsequent to execution of the Agreement, the Garden City, New York regional offices of the American Arbitration Association were closed.  The parties then agreed to conduct, and did in fact conduct, all hearings in the subject arbitration at the Marriott Hotel located in Uniondale, New York.

5.      On November 18, 2004 Judith L. Chase, Joseph M. Zorc, and the law firm of Zorc & Chase (hereinafter referred to collectively as "Zorc & Chase") filed a Demand for Arbitration against Nassau County which was designated by the American Arbitration Association as Case No. 13-194-02690-04.  A copy of the Demand for Arbitration, together with Zorc & Chase's July 21, 2005 Statement of Claim, which superseded their November 15, 2005 Statement of Claim, are annexed hereto as Exhibit "B."

6.      On or about July 27, 2006 the above parties to the arbitration Agreement submitted to arbitrators Eugene I. Farber, Esq., Edna R. Sussman, Esq. and Michael G. Berger, Esq., after the arbitrators were duly sworn and gave the appropriate oath pursuant to CPLR 7506(a), for arbitration, adjudication and award, all controversies in dispute between the parties set forth, and claimed by respondents Zorc & Chase, in AAA Case No. 13-194-02690-04.

7.      Beginning July 27, 2006 and continuing on June 28, 2006, June 29, 2006, August 7, 2006, August 8, 2006, August 9, 2006, August 10, 2006, August 23, 2006, August 24, 2006, November 13, 2006, November 14, 2006 and June 8, 2007, the arbitrators duly conducted hearings, at which time the parties duly appeared and submitted their proofs.

2

8.      The controversies as submitted to the arbitrators by the parties included all

matters in dispute between them pertaining to and encompassing the claims asserted in AAA

Case No. 13-194-02690-04.

9.      The arbitrators having heard the parties, and studied all the facts, circumstances

and proofs submitted by the parties, duly arrived at a unanimous decision and Award of

Arbitrators on October 17, 2007.  The decision and award entitled, "Award of Arbitrators," was

duly made in writing, and was unanimously signed and affirmed by all three arbitrators on

October 17, 2007.  A true and complete copy of the October 17, 2007 Award of Arbitrators is

annexed hereto as Exhibit "C."  The Award of Arbitrators was delivered electronically to

Petitioner by the American Arbitration Association on October 17, 2007, and by hard copy

through the United States Mail Service by cover letter dated November 5, 2007.  Less than one

(1) year has expired since the date of the delivery of the Award of Arbitrators to the Petitioner.

10.     The Award of Arbitrators determined that each and every claim asserted by Zorc

& Chase in AAA Case No. 13-194-02690-04 was *denied*, and further, *awarded the County of*

*Nassau* the following relief pursuant to Paragraph J, at page 11 of the Award of Arbitrators:

> J. Based on the above, we Award as follows:
>
> 1. All claims of Claimants [Zorc & Chase] are denied in their
>    entirety.
>
> 2. Within 30 days of the date of this Award, Claimants [Zorc &
>    Chase] shall pay to the County the sum of $90,062.50
>    representing the County's attorney's fees.
>
> 3. The administrative fees of the American Arbitration Association
>    totaling $8,500 and the compensation and expense of the
>    arbitrators totaling $164,969.65 shall be borne by the Claimants
>    [Zorc & Chase]. Therefore, the Claimants shall reimburse the
>    Respondent [Nassau County] the sum of $82,484.81,
>    representing that portion of said fees and expenses in excess of

3

the apportioned costs previously incurred by the Respondent [Nassau County].

    4. The expense of all transcript and hearing room rentals shall be borne by Claimants [Zorc & Chase].

    5.  Any and all claims not decided herein are deemed denied.

    11.     With respect to paragraph "J.4" of the Award, while the County did not pay any hearing room rental fees at the Uniondale Marriott Hotel, the site of all twelve hearings, the County did incur substantial transcript fees from the Court Reporting service of Suzanne Hand & Associates, Inc. in the total amount of $19,699.75, covering the Court Reporter's charges for the twelve days of hearings.  True and correct copies of all twelve invoices are annexed hereto as Exhibit "D," setting forth the charges below:

| Date | Charge |
|------|--------|
| July 27, 2006 | $1,844.00 |
| June 28, 2006 | $1,696.75 |
| June 29, 2006 | $1,649.25 |
| August 7, 2006 | $1,853.50 |
| August 8, 2006 | $1,677.75 |
| August 9, 2006 | $1,635.00 |
| August 10, 2006 | $1,302.50 |
| August 23, 2006 | $1,644.50 |
| August 24, 2006 | $1,445.00 |
| November 13, 2006 | $1,335.75 |
| November 14, 2006 | $1,521.00 |
| June 8, 2007 | $2,114.75 |
| **TOTAL** | **$19,699.75** |

4

12.     Therefore, the arbitrators awarded the County (a) attorney's fees of $90,062.50, (b) American Arbitration Association and arbitrators' fees of $82,484.81 and (c) transcript fees of $19,699.75, for a total award to the County from Zorc & Chase in the amount of *$192,247.06.*

13.     By letter dated October 19, 2007 Deputy Nassau County Attorney Ralph J. Reissman wrote a letter to the arbitrators for clarification of the Award because, while paragraph J.2 directed that Zorc & Chase pay the sum of $90,062.50 for Nassau County attorney's fees "within 30 days of the date of this Award", paragraphs J.3 and J.4, awarding administrative and arbitrators' fees, plus Nassau County's transcript fees, did not explicitly state that these costs and fees were to be paid by Zorc & Chase within 30 days of October 17, 2007, the date of the Award.

14.     On November 28, 2007 the arbitrators issued an Order confirming that Zorc & Chase was required to pay the full amount of $192,247.06, representing all three components of the Award, within 30 days of the date of the Award, *i.e.*, no later than November 17, 2007.  A true and complete copy of this November 28, 2007 Order is annexed hereto as Exhibit "E."  The Order was delivered to Petitioner electronically by the American Arbitration Association on November 29, 2007, and by hard copy through the United States Mail Service by cover letter dated December 19, 2007.  Less than one (1) year has expired since the date of the delivery of the Order to the Petitioner.

15.     As stated, the Award of Arbitrators (Exhibit "C") was delivered by the American Arbitration Association to the County on October 17, 2007, and the Order (Exhibit "E") was delivered to the County on November 29, 2007.  Therefore, less than one (1) year has expired since the date of the delivery of the Award and Order by the arbitrators to the County.

16.     The total award of $192,247.06 was due on November 17, 2007.

5

17.     Respondents Zorc & Chase have failed and refused to make payment of the total award of $192,247.06 despite due demand.

18.     Neither the Award of Arbitrators, nor the Order, has been vacated or modified under CPLR 7511.

**WHEREFORE,** Petitioner County of Nassau demands an Order and Judgment confirming the Award of Arbitrators and Order in the arbitration between Petitioner and Respondents, Judith L. Chase, Joseph M. Zorc and the law firm of Zorc & Chase, and directing judgment to be entered pursuant to CPLR 7514 against Respondents Judith L. Chase, Joseph M. Zorc and the law firm of Zorc & Chase in the amount of $192,247.06, together with interest at the rate of 9% per annum pursuant to CPLR 5004 from November 17, 2007 to the date of entry of judgment, awarding costs and disbursements of this proceeding, and granting such other and further relief as the Court deems proper.

Dated:     Mineola, New York
           December 28, 2007

                              LORNA B. GOODMAN
                              Nassau County Attorney


                              By: Ralph J. Reissman
                              Deputy County Attorney
                              General Litigation Bureau
                              One West Street
                              Mineola, New York 11501
                              (516) 571-3046

## ATTORNEY'S VERIFICATION

RALPH J. REISSMAN, an attorney admitted to practice in the Courts of this State, affirms under the penalties of perjury:

1.      I am a Deputy County Attorney in the office of LORNA B. GOODMAN, County Attorney of the County of Nassau, attorney for Petitioner County of Nassau herein, and I am duly authorized to make this verification pursuant to CPLR 3020(d)(2).

2.      I have read the foregoing Petition and know the contents thereof to be true based upon my knowledge and belief, and upon my review of the records maintained and provided by the Nassau County Department of Public Works and the Office of the County Attorney. The reason that this verification is made by me and not by the Petitioner is that Petitioner is a governmental entity on whose behalf a verification can be made pursuant to CPLR 3020(d)(2) by any person acquainted with the facts.

Dated:      Mineola, New York
            December 28, 2007

                              RALPH J. REISSMAN
                              Deputy County Attorney

7

# EXHIBIT A

AGREEMENT FOR LEGAL/REGULATORY SERVICES

THIS AGREEMENT, effective as of the 2⊥ day of August 1993,
by and between the COUNTY OF NASSAU, a municipal corporation of
the State of New York, having its principal office at One West
Street, Mineola, New York 11501 (hereinafter referred to as the
"County"), acting for and on behalf of the DEPARTMENT OF PUBLIC
WORKS OFFICE ("Public Works") and the OFFICE OF THE COUNTY
ATTORNEY ("County Attorney") and the law offices of ZORC & CHASE
having a principal office at 2238 Que Street, N.W., Washington,
D.C. 20008 (hereinafter referred to as "Contractor")

W I T N E S S E T H :

WHEREAS, the County is desirous of obtaining the services of
a law office with expertise in obtaining additional funding from
the United States Environmental Protection Agency ("EPA") and
from the New York State Department of Environmental Conservation
("NYSDEC") for grant funded wastewater treatment construction
projects such as those constructed by the Nassau County Depart-
ment of Public Works; and

WHEREAS, Contractor, in view of its background and expertise
and the background and expertise of its subcontractors and
associated firms and consultants, is eminently and uniquely
qualified to render the desired services; and

WHEREAS, the services contemplated by this Agreement are
personal services within the intent and purview of Section 2206
of the County Government Law of Nassau County; and

WHEREAS, Contractor is willing to perform the said services
on the terms and for the consideration hereinafter set forth;

NOW THEREFORE, in consideration of the premises and the
mutual covenants and agreements herein contained, the parties
hereby agree as follows:

1.   The Contractor hereby agrees to provide legal and regulatory services (the "Services") to the County, in the area of EPA construction grants and grant funding, in order to assist the County in an attempt to recover additional grant funding from EPA and/or NYSDEC and to preserve the County's entitlement to over Nine Million dollars which EPA's Office of Audit has threatened to recapture.  The Services are more particularly described in the Contractor's proposal dated July 27, 1993 (the "Proposal"), a copy of which is incorporated as a part of this contract and annexed hereto as "Attachment A."  The Contractor will provide the Services on the terms and conditions and for the compensation set forth in this contract, including Attachment A.

2.   The Contractor hereby agrees to provide the Evaluation Services described in the Proposal to assist the County in identifying its grant funding entitlements and to establish preliminary legal, administrative and/or other strategies for pursuing and preserving the County's grant funding entitlements. The Contractor hereby agrees to provide the Entitlement Services described in the Proposal to assist the County in developing, reviewing and updating its strategies and to represent the County before EPA, NYSDEC, Congress and/or in the Courts of the United States in pursuit of its claims for additional grant funding and preservation of previously awarded grant funds.

3.   The Services shall commence upon receipt by the Contractor of a duly executed duplicate original of this Agreement and shall be completed in an expeditious manner appropriate to the circumstances upon the receipt of any necessary assistance and/or authorizations from the County, as set forth in the Proposal.

4.   In compensation for the Contractor's performance of the Services, the County shall pay the Contractor at the hourly rates set forth in the Proposal and shall reimburse the Contractor for Reimbursable Costs and Expenses as described in the Proposal.

Page No. 2 of 8 Pages

Contractor may not adjust its hourly rates upward during the term of this Agreement; however, in consideration of Contractor's obtaining additional grant funding for the County, Contractor will receive a fee for successful results equal to five per cent (5%) of grant entitlements received by the County as a result of the Services; provided, however, that the amount of said five per cent (5%) fee shall be reduced by the total aggregate amount previously paid to the Contractor at the hourly rates in accordance with this Paragraph 4.

5.   The County has advised the Contractor and the Contractor acknowledges that, at this time, the County has only encumbered the amount of Twenty-Five Thousand dollars ($25,000.00) for the payment to the Contractor hereunder and that the County intends to encumber an additional One Hundred Thousand Dollars ($100,000.00) (or more, if and as necessary for litigation purposes) out of its fiscal year 1994 funds for the payment to the Contractor under this Agreement.  The Contractor shall have no obligation to perform Services or incur Reimbursable Costs and Expenses hereunder in excess, in the aggregate, of the amount then encumbered by the County for payment to the Contractor, unless this Agreement is amended to provide additional funding.

6.   The Contractor agrees that payments by the County shall be made monthly, in arrears, as promptly as possible upon Contractor's submission of itemized standard County claim vouchers specifying the Services performed on a per individual and per hour basis.  Such vouchers shall be approved by the County's Comptroller who shall acknowledge the satisfactory performance of the Services rendered and shall set forth the payments to be made.  Such vouchers shall be filed in the County's Office of the Comptroller.  Contractors's subcontractors and/or associated firms shall not submit independent claims vouchers to the County.

7.   Contractor agrees that it is, and at all times shall be deemed to be, an independent contractor and shall not, in any manner whatsoever by its actions or deeds, commit the County to any obligation or be deemed to be an employee of the County.

It is further understood and agreed that no agent, servant or employee of the Contractor shall, at any time, or under any circumstance, be deemed to be an agent, servant or employee of the County.

8.   Contractor agrees that it shall be solely responsible for the payment to its employees, agents, subcontractors and associated firms of any compensation due them as a result of their performance of Services hereunder and that, so long as the County duly pays Contractor's claim vouchers in accordance with Paragraph 6 above, the Contractor shall hold the County harmless from any claims for compensation by Contractor's employees, agents, subcontractors and associated firms.  The County agrees that all assignments made hereunder shall be made to Joseph M. Zorc and/or Judith L. Chase, as Contractor, who shall have the sole authority to delegate any Services to be performed hereunder to Contractor's subcontractors, consultants and/or affiliated firms.

9.   Contractor shall (and shall require its subcontractors and associated firms to) maintain full and complete books and records of accounts in accordance with accepted accounting practices in the legal profession.  Such books and records shall be retained for a period of five (5) years and shall, at all times upon reasonable notice, be available for audit and inspection by the County's Comptroller or his duly designated representative.

10.  This entire Agreement shall be void and of no effect unless Contractor shall secure any legally-required Workers' Compensation insurance for the benefit of such of its employees

as must necessarily be so insured and shall keep such insurance in full force and effect during the term of this Agreement in compliance with the provisions of the Workers' Compensation Law. Certificates of Workers' Compensation Insurance (or a sworn statement that Contractor has no employees requiring such insurance) shall be furnished to the County upon written request.

11.   Contractor warrants that it is not in arrears to the County upon any debt or contract and that it is not in default as surety, contractor or otherwise upon any obligation to the County.

12.   Contractor shall not assign, transfer or otherwise dispose of this Agreement without prior written consent of the County Executive, which consent shall not be unreasonably withheld; provided, however, that Contractor may, upon written notice to a Deputy County Attorney, assign or transfer this Agreement to any successor law office into which Zorc & Chase is integrated or, in the event of the death or disability of Judith L. Chase, Esq. or Joseph M. Zorc, Esq. to the survivor of them.

13.   This Agreement and the rights and obligations of the parties hereto shall be governed by and construed in accordance with the law of the State of New York.  In the event of any dispute, claim or controversy arising hereunder or in connection herewith, the matter will be submitted for binding arbitration to a panel of three commercial arbitrators qualified by the American Arbitration Association, pursuant to the rules, regulations and guidelines of the American Arbitration Association.  The parties agree that the decision of the arbitrators will be binding and not subject to appeal, except solely and exclusively on the grounds set forth in the New York Civil Practice Law & Rules. The venue of any such arbitration and hearing will be exclusively at the Garden City, New York regional offices of the American Arbitration Association.

14.   The Contractor hereby warrants that it does not discriminate based upon age, religion, gender or disability.

15.   This agreement is subject to the provisions of Article 18 of the General Municipal Law of the State of New York as amended, to Section 22-4.2 of the Administrative Code of Nassau County and to the provisions of the Anti-Discrimination Order of Nassau County.

16.   The Contractor agrees to pay the County a One Hundred Dollar ($100.00) administrative service charge for the processing of this Agreement pursuant to Ordinance No. 74-1979.  Said sum shall be due and payable upon Contractor's execution of this Agreement.

17.   This Agreement consists of this eight (8) page document and the Proposal, which is "Attachment A" hereto.  There are no written or oral representations or agreements by the parties except as set forth in this Agreement.

18.   Any notice required or permitted to be given hereunder shall be deemed to have been duly given if sent by certified U.S. mail, return receipt requested, or by Federal Express overnight delivery, and addressed, if to Zorc & Chase, at 2238 Que St., N.W., Washington, D.C. 20008 to the attention of Judith L. Chase and Joseph M. Zorc, and if to the County to the County Attorney at the address set forth above, or to such other individuals at such other addresses of which the parties may duly notify one another in accordance herewith.  Notices shall be deemed to have been given on the date of delivery evidenced by the certified mail or Federal Express delivery receipt.

IN WITNESS WHEREOF, ZORC & CHASE have duly executed this Agreement and the COUNTY OF NASSAU has duly executed this Agreement, in duplicate originals, effective as of day, month and year first written above.

APPROVED BY:

_____
ROBERT W. SCHMIDT
County Attorney

COUNTY OF NASSAU

BY: _____
FOR: COUNTY EXECUTIVE

APPROVED AS TO FORM:

_____
OWEN B. WALSH, First
First Deputy County Attorney

BY: _Judith L. Chase_
Judith L. Chase
ZORC & CHASE

APPROVED BY:

_____
JOHN M. WALTZ, Acting Comm.
Department of Public Works

BY: _Joseph M. Zorc_
Joseph M. Zorc
ZORC & CHASE

STATE OF NEW YORK:
                              :ss.:
COUNTY OF NASSAU :

On this ____ day of _____, 1993, before me personally appeared THOMAS S. GULOTTA, County Executive of the County of Nassau, the municipal corporation described herein, and who executed the foregoing instrument, to me known and known to me to be such County Executive and he being by me duly sworn, did depose and say:  That he is the County Executive of Nassau County; and that he executed the same as such County Executive for the purposes therein mentioned.

_____
Notary Public

STATE OF NEW YORK:
                              : ss.:
COUNTY OF NASSAU :

On this 20 day of September, 1993, before me personally appeared ROBERT L. OLDEN, SR., Deputy County Executive of the County of Nassau, the municipal corporation described herein, and who executed the foregoing instrument, to me known and known to me to be such Deputy County Executive and he being by me duly sworn, did depose and say:  That he is the County Executive of the County of Nassau and that, pursuant to Section 205 of the County Government Law of Nassau County, he executed the same as such Deputy County Executive for the purposes therein mentioned.

_Doris Griffin_
Notary Public

DORIS GRIFFIN
NOTARY PUBLIC, State of New York
No. 30-4861699
Qualified in Nassau County
Commission Expires June 30, 19 95

Page No. 7 of 8 Pages

DISTRICT OF COLUMBIA:
                    : ss.:
CITY OF WASHINGTON  :

On this 2th day of *August*          , 1993, before me
personally appeared JUDITH L. CHASE, to me known and known to me
to be the Judith L. Chase of ZORC & CHASE, the law offices
described in and which executed the above agreement and she,
being by me duly sworn, did depose and say that she executed the
above agreement for the purposes therein described.


                         *Robbyn M. Wherry*
                         ─────────────────────
                              Notary Public

My Commission Expires May 21, 1995.


DISTRICT OF COLUMBIA:
                    : ss.:
CITY OF WASHINGTON  :

On this 2nd day of *August*          , 1993, before me
personally appeared JOSEPH M. ZORC, to me known and known to me
to be the Joseph M. Zorc of ZORC & CHASE, the law offices de-
scribed in and which executed the above agreement and she, being
by me duly sworn, did depose and say that she executed the above
agreement for the purposes therein described.


                         *Robbyn M. Wherry*
                         ─────────────────────
                              Notary Public


My Commission Expires May 21, 1995.

ZORC & CHASE
ATTORNEYS-AT-LAW
2230 QUE STREET, N. W.
WASHINGTON, D.C. 20008
TEL: (202) 667-5000
FAX: (202) 234-1616

NEW YORK OFFICE:
200 PARK AVENUE
SUITE 2920
NEW YORK, NEW YORK 10166
(212) 692-9111

CONNECTICUT OFFICE:
1060 SHIPPAN AVENUE
STAMFORD, CT 06902
TEL: (203) 323-8412
FAX: (203) 975-8422

July 27, 1993

PROPOSAL
FOR EXPERT LEGAL/REGULATORY SERVICES
RE: ADDITIONAL EPA GRANT FUNDING
FOR NASSAU COUNTY, NEW YORK


Zorc & Chase's proposed services consist of Evaluation Services to assist the County in identifying and evaluating its grant funding entitlements and to establish an effective strategy for pursuing and preserving these entitlements; and Entitlement Services to assist the County in effectuating these strategies through representation of the County in administrative and judicial procedures and through encouraging and orchestrating Congressional support for the County's position.

Evaluation Services and Entitlement Services will be performed on the basis of hourly rates, plus reimbursement of costs and expenses. Applicable hourly rates are as follows:

| | |
|---|---|
| Joseph M. Zorc | $250 per hour |
| Judith L. Chase | $250 per hour |
| Theodore Rogowski | $200 per hour |
| Robert Mittendorff | $175 per hour |
| James A. Grafton | $150 per hour |
| Bee & Eisman | $150 per hour |
| Jerome C. Rosenthal | $135 per hour |
| Paralegals/Law Clerks | $ 50 per hour |

These and other regular Zorc & Chase associates, consultants or professionals will be utilized on a cost-effective basis at their normal billing rates, subject to the direction and control of Joseph M. Zorc or Judith L. Chase. Other consultants or professionals will be utilized if approved by a Deputy County Attorney. In consideration of their bringing additional grant funding opportunities to the County's attention, Zorc & Chase will receive an additional fee for successful results equal to five per cent (5%) of grant entitlements established by their services.


A. **EVALUATION SERVICES.** Evaluation Services will consist of:

1. **Scope of Performance.** We will conduct an initial legal/regulatory review of Nassau County's CWA project records to determine and recommend to the County a grant funding strategy. Specifically, this will cover:

   a. **CWA Title II Grant Entitlement:** Review of County projects for a preliminary identification of grant entitlements that may yet be claimed under CWA Title II, including, but not limited to, the following:

    (1)   Engineering costs during construction that were barred or limited by NYSDEC under TIP 33; and

    (2)   Final asphalt coating or other road restoration costs (Item 244) for which grant payment was arbitrarily limited by NYSDEC.

b.    **Final Decisions; Appeals.**  Preliminary survey of NYSDEC or EPA draft or final determinations and any appeals or requests for review or reconsideration pending before NYSDEC, EPA Region II or EPA Headquarters, to identify favorable substantive arguments not yet raised and the optimal procedural steps to resolve these matters favorably and expeditiously;

c.    **Audits.**  Preliminary overview of current EPA draft and final audit reports, and the County's draft or final comments in response thereto, to identify other measures to preserve previously paid grant funds, avoid premature repayment prior to final determination of eligibility and unjustified interest assessments, or serve as the basis for obtaining additional payments or entitlements;

d.    **Additional Reimbursement under CWA Section 206.**  Review of County projects for a preliminary assessment as to whether and to what extent costs were incurred after January 31, 1974 that may be eligible for reimbursement under CWA Section 206, including, but not limited to:

    (1)   Construction Claims Settlements, Judgments or Awards; and

    (2)   Construction Claims Litigation and Settlement Costs.

2.    **Basis of Performance.**  The Evaluation Services described above will be commenced upon the County's written acceptance of this Proposal and will be performed on the following basis:

a.    **Document Review; Coordination.**  Evaluation Services will include consultation regarding grant project history and review and copying of grant project records. The County will arrange for our consultation with Ernst & Young regarding EPA audit status and issues and, to the extent necessary or advisable, with one or more of its prior private consulting engineers. We will consult with the County to mutually identify persons that we will interview and documents that we will review.

b.    **Report and Recommendations.**  Evaluation Services will include our presentation of an outline Report summarizing our initial review and setting forth our preliminary recommendations to the County. The purpose of the Report will be to provide the County with proposed grant funding options and strategy.

c.    **Confidentiality.**  Our report and recommendations will be presented on a confidential attorney-client and attorney-work-product privileged basis, since they will comment upon or recommend positions taken or to be taken in pending or potential quasi-judicial administrative proceedings or litigation.

ZORC & CHASE
Zorc & Chase Proposal re Grant Funding
To: Nassau County

---

      d.      **Report Presentation.** Evaluation Services will conclude with a Report Meeting with the County at its offices in Mineola, N.Y. This will be held with County personnel at the department-head or higher level.

**B. ENTITLEMENT SERVICES.** Entitlement Services will include:

1.      **Strategy.** In conjunction with the County and (at the direction of the County) any of its consultants:

      a.      Development, periodic review and updating of a strategy to optimize the County's CWA grant funding;

      b.      Strategic advice and coordination, from the legal/regulatory standpoint, as to the activities conducted by or for the County that affect its CWA grant funding;

      c.      Timing of and arrangements for meetings with NYSDEC, EPA Region II and EPA Headquarters to assist the County's grant funding prospects through the administrative procedure, to expedite the decisionmaking process and to encourage a favorable outcome; and

      d.      Periodic evaluation of results and cost-effectiveness of implementing the County's grant funding strategy.

2.      **Additional Reimbursement under CWA Section 206.** In cooperation with the County, the development of information and collection/analysis of documents necessary to complete identification and evaluation of additional CWA Section 206 reimbursement grant entitlements and to develop and present claims to EPA for reimbursement of same. This will include:

      a.      Advisory assistance in connection with the preparation and submittal to EPA Region II of (a) request for payment(s) of the Federal share of these costs;

      b.      Preparation and submittal to EPA Headquarters, EPA Region II and/or NYSDEC (concurrently or *seriatim*) of one or more Request(s) for Deviation(s);

      c.      Conference(s) with NYSDEC to explain the nature and Federal fiscal source(s) of the additional funding being sought and to enlist the State's support;

      d.      Conference(s) with EPA Region II to enlist its support for the County's Deviation Request(s); and

      e.      Meeting(s) with EPA Headquarters (Grant Administration Division, Office of Water and Office of General Counsel) as necessary and advisable to steer the Deviation Request(s) through the administrative procedure, to expedite the decisionmaking process and to encourage a favorable outcome.

ZORC & CHASE
Zorc & Chase Proposal re Grant Funding
To: Nassau County

July 27, 1993
Page No. 4 of Six Pages

3. **Other CWA Title II Grant Entitlements.** In cooperation with the County, the development of information and collection/analysis of documents necessary to complete identification and evaluation of the County's additional grant entitlements and to develop, present to EPA and pursue grant funding claim(s). This will include:

   a. Advisory assistance in connection with the preparation and submittal to EPA Region II of grant funding request(s);

   b. Conference with EPA Region II to expedite and support the County's request;

   c. Conference with NYSDEC to explain the nature of the additional grant funding being sought and to enlist the State's support;

   d. Meetings and correspondence with EPA Headquarters to steer the County's application(s) or appeal(s) through the most favorable administrative route, expedite the decisionmaking process and encourage a favorable outcome;

   e. With the concurrence of the County, preparation and filing of a Notice of Intent to File Suit as authorized by CWA Section 505(a)(2), to encourage full and favorable attention to the County's grant funding request by EPA Headquarters and Regional decision-makers; and

   f. Should it subsequently appear advisable, recommendation to the County that its institute litigation against EPA and, if the County elects to do so, representation of the County in such litigation.

4. **Final Decisions; Appeals.** In cooperation with the County, evaluation of any NYSDEC or EPA Region II determination pending or issued on or after the County's acceptance of this Proposal, and filing of any appropriate administrative or judicial action. This will include:

   a. Preparation and submittal to NYSDEC, EPA Region II and/or EPA Headquarters of a grant appeal; request for review or reconsideration; time extension request or other appropriate motion or action; request for deviation; and/or filing of a Notice of Intent to File Suit under CWA Section 505(a)(2), as appropriate, in response to any adverse administrative determination as to which there is a reasonable basis to do so;

   b. Representation of the County at any NYSDEC or EPA hearing or conference concerning any of the above;

   c. At the request of the County, participation in any internal County meeting, or any conference with a County consultant, regarding the above;

   d. Meetings or other communication(s) with NYSDEC, EPA Region II and/or EPA Headquarters offices to steer the actions taken on behalf of the County through the administrative procedure, to expedite the decisionmaking process and to encourage a favorable outcome; and

ZORC & CHASE
Zorc & Chase Proposal re Grant Funding
To: Nassau County

July 27, 1993
Page No. 5 of Six Pages

      e.    Upon approval by the Office of the County Attorney, filing of any appropriate judicial action and representation of the County as Special Counsel in such action.

5.    **EPA Audit Process.** In cooperation with the County and (as approved by the County) any of its consultants, evaluation of any draft or final EPA audit pending or issued on or after the County's acceptance of this Proposal and preparation of the County's response or the legal/regulatory aspects of the County's response. This will also include:

    a.    Participation in any EPA or NYSDEC conference(s) or meeting(s) with the County or its consultants regarding any draft or final audit; and

    b.    At the request of the County, attendance at any internal County meeting(s) or conference(s) concerning a draft or final audit.

6.    **FOIA Review.** Preparation and submittal of Freedom of Information Act requests to EPA Headquarters and/or EPA Region II and/or of Freedom of Information Law (FOIL) requests to NYSDEC to obtain access to additional project, audit, grant appeal and CWA program documents and information as we deem necessary or advisable in connection with any appeal, audit or grant funding request; Collection and inspection of documents; Review and analysis of same.

7.    **Congressional Support.** We will provide:

    a.    Development of strategy for Congressional support of additional grant funding for the County and preservation of take-back amounts targeted by EPA's Office of Audit;

    b.    Arrangement, orchestration and representation of the County at meetings with the staff of appropriate members of Congress to solicit Congressional support; and

    c.    Coordination and (if requested by the County) attendance at meeting(s) by County official(s) with any Congressman or Senator a principal purpose of which is to solicit Congressional support for additional CWA grant funding.

    **Miscellaneous Services.** If the County requests any additional work beyond the Evaluation and Entitlement Services these will be performed as Miscellaneous Services on the basis of hourly fees and reimbursable costs and expenses. Miscellaneous Services include any other specialized environmental legal/regulatory services, e.g., services in connection with the issuance, renewal or appeal of the County's SPDES permits. At the County's request, we will be pleased to negotiate lump-sum or not-to-exceed fees for individual tasks in the category of Miscellaneous Services for which the scope of work and quantum of effort can be defined.

Case 2:08-cv-00082-TCP-WDW   Document 15   Filed 12/05/08   Page 24 of 81 PageID #: 77

### GENERAL CONDITIONS

**A. Payments.** Invoices will be rendered monthly. Payments will be made as promptly as possible. Statements for all services rendered, costs incurred, or fees due will be issued by, and payments will be made by check payable to "Zorc & Chase" and will be transmitted to our Washington office.

**B. Reimbursable Costs and Expenses.** Reimbursable costs and expenses will include out-of-pocket and other customary costs and charges, such as transportation, lodging, meals, copying and telecommunications, transcript, court costs and fees for witnesses and experts.

**C. Contingent Fee.** In consideration of their bringing additional grant funding opportunities to the County's attention, Zorc & Chase will receive a contingency fee for successful results equal to five per cent (5%) of grant entitlements established by their services. Any such contingency fee will be invoiced and paid within four four (4) months following establishment of entitlement.

**D. Authorizations.** Any Entitlement Services requiring the County's prior approval, authorization or request shall be deemed to have been duly approved, authorized or requested if so designated by the County Attorney or any Deputy County Attorney or other official or employee designated by the County Attorney.

**E. Amendments; Assignment.** Any amendment to the agreement created by the County's acceptance of this Proposal shall be made in a writing signed by the County Attorney or any other County official or employee designated by him, and by Judith L. Chase, Esq. and Joseph M. Zorc, Esq. This agreement may be assigned, upon written notice to the County, to any law firm or law practice to which Joseph M. Zorc and Judith L. Chase, or the survivor or successor of them, may become affiliated.

**F. Key Personnel.** Zorc & Chase will be responsible for coordination and supervision of all services hereunder. The professionals who will direct and control these services and who will personally provide a major portion of these services are Joseph M. Zorc, Esq. and Judith L. Chase, Esq. We will utilize other professionals identified in or pursuant to this Proposal as appropriate and cost-effective.

**G. Cooperation; Coordination.** The County agrees, in order to assure optimum representation and grant funding results, to

    (1)    cooperate by making its project and grant records and employees and pertinent consultants directly available to us, in a timely manner, upon reasonable notice;

    (2)    transmit Fax and Federal Express copies immediately to us and coordinate promptly with us regarding correspondence, determinations or other communications received from EPA or NYSDEC; and

    (3)    designate an attorney in the Office of the County Attorney and a supervisory-level employee in the Department of Public Works as the primary points of contact for those offices respecting our services. The County agrees that a Deputy County Attorney may authorize us to prepare and file any grant appeal, reconsideration request or take other administrative actions necessary to protect the County by insuring that EPA's strict filing deadlines are met.

**H. Governing Law.** The agreement resulting from the County's acceptance of this Proposal shall be governed by and construed in accordance with the law of the State of New York.

# EXHIBIT B

# AMERICAN ARBITRATION ASSOCIATION
## COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

*MEDIATION is a nonbinding process. The mediator assists the parties in working out a solution that is acceptable to them. If you would like the AAA to contact the other parties to determine whether they wish to mediate this matter, please check this box.* ☐

No mediation; see Attachment A.1
No consolidation; see Attachment A.2

| TO: Name Nassau County, N.Y.  See Attachment A.3 | Name of Representative (if known) | Name of Firm (if applicable) |
|---|---|---|

| Address Nassau County Executive Building  One West Street | Representative's Address | | |
|---|---|---|---|

| City Mineola | State NY | Zip Code 11501 | City | State | Zip Code |
|---|---|---|---|---|---|

| Phone No. (516)  571-3056 (Co. Atty.) | Fax No. (516)  571-6604 / -6684 | Phone No. | Fax No. |
|---|---|---|---|

The named claimant, a party to an arbitration agreement contained in a written contract, dated __August 2, 1993__ providing for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration thereunder.    Ref: Nassau County Contract No. C-33412

IS THIS A DISPUTE BETWEEN A BUSINESS AND A CONSUMER?    Yes ☐   No ☒

THE NATURE OF THE DISPUTE Breach of contract: Nonpayment of balance due on hourly fees for services rendered by Zorc & Chase for Nassau County, NY between January 1, 2002 and May 31, 2002.  See Attachment A.6

THE CLAIM OR RELIEF SOUGHT (the Amount, if any)  (a) $439,318.75 balance due for hourly fees for legal services performed from January 1 through May 31, 2002; (b) $38,500 for reformatting these bills in a manner not contractually required; (c) 9% mandatory statutory interest; (d) arbitration costs and expenses; and (e) attorneys' fees. Alternatively, Quantum Meruit.  See, generally, Attachment B.1

DOES THIS DISPUTE ARISE OUT OF AN EMPLOYMENT RELATIONSHIP?    YES ☐   No ☒

IF THIS DISPUTE ARISES OUT OF AN EMPLOYMENT RELATIONSHIP, WHAT WAS/IS THE EMPLOYEE'S ANNUAL WAGE RANGE? Note: this question is required by California law.
☐ Less Than $100,000   ☐ $100,000 - $250,000   ☐ Over $250,000

TYPES OF BUSINESS
Claimant  Attorneys-at-law        Respondent County Government (Municipal Corp. of NYS)

HEARING LOCALE REQUESTED See Attachment B.1    Marriott, Uniondale NY; or Manhattan AAA

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its East Providence RI office, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative) *Judith C Chase*   *Joseph M. Zorc* | Title | Date November 15, 2004 |
|---|---|---|

| Name of Claimant See Attach A.4  J.L. Chase, Esq; J.M. Zorc, Esq. | Name of Representative  (Pro Se) | Name of Firm (if Applicable)  Zorc & Chase |
|---|---|---|

| Address (to be Used in Connection with This Case)  1719 19th St., N.W. | Representative's Address | | |
|---|---|---|---|

| City Washington | State D.C. | Zip Code 20009-1605 | City | State | Zip Code |
|---|---|---|---|---|---|

| Phone No. (202)  667-5000 | Fax No. (202)  234-1616 | Phone No. | Fax No. |
|---|---|---|---|

TO BEGIN PROCEEDINGS, PLEASE SEND TWO COPIES OF THIS DEMAND AND THE ARBITRATION AGREEMENT, WITH THE FILING FEE AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL DEMAND TO THE RESPONDENT. Statement of Preclusion (Attach B.4); Fed. Arb. Act (Attach B.5)

ATTACHMENT A

Zorc & Chase Demand for Arbitration with Nassau County, N.Y.
November 15, 2004

A.1.  No Mediation

Numerous attempts have been made to resolve this matter.  The Office of the County Attorney has made oral and written commitments, but has not honored them.  Mediation would be futile.  Zorc & Chase urgently needs to be paid.

A.2.  No Consolidation

Claimants do not consent to the consolidation of this arbitration proceeding with any other proceeding now or hereafter before the American Arbitration Association.  Our position on consolidation has been explained to the AAA on several occasions.

The New York Supreme Court has affirmed our position and refused the County's application for consolidation of prior and future arbitration proceedings between Zorc & Chase and the County (June 1, 2004 Order of Justice Bucaria).  This accords with the AAA policy against consolidation without the parties' consent.

In addition, the Federal Arbitration Act governs these proceedings and prohibits consolidation without the consent of all parties to the arbitration.  (*See* Attachment B at Section B.5).

A.3.  Respondent and Address

Respondent is the County of Nassau, New York.

Pursuant to Paragraph 18 of our contract with the County (page 6 of 8), all notices are to be sent to the County Attorney (currently Lorna Bade Goodman) as follows:

> Lorna Bade Goodman, County Attorney
> Nassau County Executive Building
> One West Street
> Mineola, N.Y. 11501

Page A-1

Zorc & Chase Demand for Arbitration with
Nassau County, N.Y. - November 15, 2004

ATTACHMENT A (continued)

A.4.  Claimants and Address

The Claimants in this arbitration are:

Judith L. Chase, Esq., *pro se* (Member of the Bar of the State of New York)

Joseph M. Zorc, Esq., *pro se* (Member of the Bar of the District of Columbia)

Zorc & Chase, by: Judith L. Chase, Esq. and Joseph M. Zorc, Esq.

Pursuant to Paragraph 18 of our contract with the County, as amended by Paragraph 4 of Amendment No. 7, all notices are to be sent to Claimants at the following address:

Judith L. Chase, Esq.
Joseph M. Zorc, Esq.
Zorc & Chase
1719 19th Street, N.W.
Washington, D.C. 20009-1605

A.5  Contractual Notice Provisions

Paragraph 18 of our contract with the County further provides that any notice required or permitted to be given under the contract shall be deemed to have been duly given if sent by certified U.S. mail, return receipt requested <u>or by Federal Express overnight delivery.</u>  We find delivery by U.S. mail to our area of the Washington, D.C. area to be undependable and therefore request that all notices be sent by Federal Express overnight delivery.

Page A-2

Zorc & Chase Demand for Arbitration with
Nassau County, N.Y. - November 15, 2004

ATTACHMENT A (continued)

A.6.  Nature of the Dispute - Breach of Contract; *Quantum Meruit*

Paragraph A of the General Conditions of Attachment A to the August 2, 1993 contract (Contract No. C-33412) between Nassau County and Zorc & Chase provides for the County to pay our bills "as promptly as possible." The County has had most of the ten bills (for hourly fees) now submitted for arbitration for almost two years. The Office of the County Attorney has failed to complete its review of any of these bills and deliver them to the County Comptroller for payment. The County Attorney has claimed that her Office "does not have time" to review them.

At the insistence of the Office of the County Attorney, we spent considerable time and effort reformatting our bills in a manner not required by our contract. (The format in which our previous bills were originally submitted was the same format that has been accepted by the County since 1993.) Despite this effort, the County has still not reviewed and paid our bills for services performed from January 1 through May 31, 2002. The reformatting work has cost us time that we would otherwise have spent on remunerative work. We are entitled to compensation for the reformatting work that was not required by our contract.

In December 2002 the County Attorney agreed to immediately pay fifty per cent (50%) of our then outstanding bills and to promptly initiate review of these bills for payment of the remaining fifty per cent (50%). The County Attorney has reneged on this commitment. The fifty per cent (50%) payment was not made until June of 2003. The Office of the County Attorney has still not completed its review of these bills and has not delivered them to the Comptroller for payment of the second fifty per cent (50%). It is clear that the County has no intention of reviewing the hourly fee bills now submitted for arbitration and has no intention of paying them. The County is guilty of breach of contract with respect to the bills now submitted for arbitration.

**Our legal services to Nassau County have resulted in a net benefit to the County of over $77 Million to date. This is an 855% return on the County's legal fees.** We are clearly entitled to compensation for the hourly fees claimed in this arbitration in accordance with our contract. (An alternative basis for recovery is in *quantum meruit. See* Paragraph B.1.h of Attachment B.)

Page A-3

# AMERICAN ARBITRATION ASSOCIATION
## COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

*MEDIATION is a nonbinding process. The mediator assists the parties in working out a solution that is acceptable to them. If you would like the AAA to contact the other parties to determine whether they wish to mediate this matter, please check this box.* ☐  No mediation; see Attachment A.1
*There is no additional administrative fee for this service.*    No consolidation; see Attachment A.2

| TO: Name Nassau County, N.Y. See Attachment A.3 | Name of Representative (if known) | Name of Firm (if applicable) |
|---|---|---|

| Address Nassau County Executive Building One West Street | Representative's Address | |
|---|---|---|

| City Mineola | State NY | Zip Code 11501 | City | State | Zip Code |
|---|---|---|---|---|---|

| Phone No. (516) 571-3056 (Co. Atty.) | Fax No. (516) 571-6604 / -6684 | Phone No. | Fax No. |
|---|---|---|---|

The named claimant, a party to an arbitration agreement contained in a written contract, dated __August 2, 1993__ providing for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration thereunder.      Ref: Nassau County Contract No. C-33412

IS THIS A DISPUTE BETWEEN A BUSINESS AND A CONSUMER?      Yes ☐   No ☒

THE NATURE OF THE DISPUTE  Breach of contract: Nonpayment of balance due on hourly fees for services rendered by Zorc & Chase for Nassau County, NY between January 1, 2002 and May 31, 2002.  See Attachment A.6

THE CLAIM OR RELIEF SOUGHT (the Amount, if Any)  (a) $439,318.75 balance due for hourly fees for legal services performed from January 1 through May 31, 2002; (b) $38,500 for reformatting these bills in a manner not contractually required; (c) 9% mandatory statutory interest; (d) arbitration costs and expenses; and (e) attorneys' fees. Alternatively, Quantum Meruit.  See, generally, Attachment B.1

DOES THIS DISPUTE ARISE OUT OF AN EMPLOYMENT RELATIONSHIP?      Yes ☐   No ☒

IF THIS DISPUTE ARISES OUT OF AN EMPLOYMENT RELATIONSHIP, WHAT WAS/IS THE EMPLOYEE'S ANNUAL WAGE RANGE? Note: this question is required by California law.
☐ Less Than $100,000      ☐ $100,000 - $250,000      ☐ Over $250,000

TYPES OF BUSINESS
Claimant  Attorneys-at-law         Respondent County Government (Municipal Corp. of NYS)

HEARING LOCALE REQUESTED See Attachment B.1    Marriott, Uniondale NY; or Manhattan AAA

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its East Providence RI office, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative) *Judith C. Chase   Joseph M. Zorc* | Title | Date November 15, 2004 |
|---|---|---|

| Name of Claimant See Attach. A.4 J.L. Chase, Esq; J.M. Zorc, Esq. | Name of Representative (Pro Se) | Name of Firm (if Applicable) Zorc & Chase |
|---|---|---|

| Address (to be Used in Connection with This Case) 1719 19th St., N.W. | Representative's Address | |
|---|---|---|

| City Washington | State D.C. | Zip Code 20009-1605 | City | State | Zip Code |
|---|---|---|---|---|---|

| Phone No. (202) 667-5000 | Fax No. (202) 234-1616 | Phone No. | Fax No. |
|---|---|---|---|

TO BEGIN PROCEEDINGS, PLEASE SEND TWO COPIES OF THIS DEMAND AND THE ARBITRATION AGREEMENT, WITH THE FILING FEE AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL DEMAND TO THE RESPONDENT. Statement of Preclusion (Attach B.4); Fed. Arb. Act (Attach B.5)

ATTACHMENT A

Zorc & Chase Demand for Arbitration with Nassau County, N.Y.
November 15, 2004

A.1.  No Mediation

Numerous attempts have been made to resolve this matter.  The Office of the County Attorney has made oral and written commitments, but has not honored them.  Mediation would be futile.  Zorc & Chase urgently needs to be paid.

A.2.  No Consolidation

Claimants do not consent to the consolidation of this arbitration proceeding with any other proceeding now or hereafter before the American Arbitration Association. Our position on consolidation has been explained to the AAA on several occasions.

The New York Supreme Court has affirmed our position and refused the County's application for consolidation of prior and future arbitration proceedings between Zorc & Chase and the County (June 1, 2004 Order of Justice Bucaria).  This accords with the AAA policy against consolidation without the parties' consent.

In addition, the Federal Arbitration Act governs these proceedings and prohibits consolidation without the consent of all parties to the arbitration.  (*See* Attachment B at Section B.5).

A.3.  Respondent and Address

Respondent is the County of Nassau, New York.

Pursuant to Paragraph 18 of our contract with the County (page 6 of 8), all notices are to be sent to the County Attorney (currently Lorna Bade Goodman) as follows:

> Lorna Bade Goodman, County Attorney
> Nassau County Executive Building
> One West Street
> Mineola, N.Y. 11501

Page A-1

Zorc & Chase Demand for Arbitration with
Nassau County, N.Y. - November 15, 2004

ATTACHMENT A (continued)

A.4.  Claimants and Address

The Claimants in this arbitration are:

Judith L. Chase, Esq., *pro se* (Member of the Bar of the State of New York)

Joseph M. Zorc, Esq., *pro se* (Member of the Bar of the District of Columbia)

Zorc & Chase, by: Judith L. Chase, Esq. and Joseph M. Zorc, Esq.

Pursuant to Paragraph 18 of our contract with the County, as amended by Paragraph 4 of Amendment No. 7, all notices are to be sent to Claimants at the following address:

Judith L. Chase, Esq.
Joseph M. Zorc, Esq.
Zorc & Chase
1719 19th Street, N.W.
Washington, D.C. 20009-1605

A.5  Contractual Notice Provisions

Paragraph 18 of our contract with the County further provides that any notice required or permitted to be given under the contract shall be deemed to have been duly given if sent by certified U.S. mail, return receipt requested or by Federal Express overnight delivery.   We find delivery by U.S. mail to our area of the Washington, D.C. area to be undependable and therefore request that all notices be sent by Federal Express overnight delivery.

Page A-2

Zorc & Chase Demand for Arbitration with
Nassau County, N.Y. - November 15, 2004

<u>ATTACHMENT A</u> (continued)

A.6.  <u>Nature of the Dispute - Breach of Contract; *Quantum Meruit*</u>

Paragraph A of the General Conditions of Attachment A to the August 2, 1993 contract (Contract No. C-33412) between Nassau County and Zorc & Chase provides for the County to pay our bills "as promptly as possible." The County has had most of the ten bills (for hourly fees) now submitted for arbitration for almost two years. The Office of the County Attorney has failed to complete its review of <u>any</u> of these bills and deliver them to the County Comptroller for payment. The County Attorney has claimed that her Office "does not have time" to review them.

At the insistence of the Office of the County Attorney, we spent considerable time and effort reformatting our bills in a manner not required by our contract. (The format in which our previous bills were originally submitted was the same format that has been accepted by the County since 1993.) Despite this effort, the County has still not reviewed and paid our bills for services performed from January 1 through May 31, 2002. The reformatting work has cost us time that we would otherwise have spent on remunerative work. We are entitled to compensation for the reformatting work that was not required by our contract.

In December 2002 the County Attorney agreed to <u>immediately</u> pay fifty per cent (50%) of our then outstanding bills and to <u>promptly</u> initiate review of these bills for payment of the remaining fifty per cent (50%). The County Attorney has reneged on this commitment. The fifty per cent (50%) payment was not made until June of 2003. The Office of the County Attorney has still not completed its review of these bills and has not delivered them to the Comptroller for payment of the second fifty per cent (50%). It is clear that the County has no intention of reviewing the hourly fee bills now submitted for arbitration and has no intention of paying them. The County is guilty of breach of contract with respect to the bills now submitted for arbitration.

**Our legal services to Nassau County have resulted in a net benefit to the County of over $77 Million to date. This is an 855% return on the County's legal fees.** We are clearly entitled to compensation for the hourly fees claimed in this arbitration in accordance with our contract. (An alternative basis for recovery is in *quantum meruit*. *See* Paragraph B.1.h of Attachment B.)

Page A-3

ATTACHMENT B

Zorc & Chase Demand for Arbitration with Nassau County, N.Y.
November 15, 2004

B.1. <u>Relief Sought</u>

a. Award of payment of the balance due on our bills for hourly legal services performed from January 1 through May 31, 2002 ($439,318.75).

b. Award of compensation at our contractual hourly rate for the time spent reformatting these bills in a manner not contractually required ($38,500.00).

c. Award of interest at 9% *per annum*, mandated by CPLR § 5004 and General Municipal Law § 3-a(1), on fifty per cent (50%) of the amount of seven of these bills from the date of each respective bill to the date of payment of the first fifty per cent (50%) of such bill (June 2003).

d. Award of interest at 9% *per annum*, mandated by CPLR § 5004 and General Municipal Law § 3-a(1), on seven of these bills on the second fifty per cent (50%) of each bill from the date of such bill until payment of the second fifty per cent (50%) is made.

e. Award of interest at 9% *per annum*, mandated by CPLR § 5004 and General Municipal Law § 3-a(1), on one hundred per cent (100%) of our bills for services rendered to the County's District 3 in February, March and April of 2002 from the date of each respective bill until payment is made.

f. Award of costs, expenses and fees, including without limitation fees paid to the American Arbitration Association and to the arbitration panel.

g. Attorneys' fees, especially in the event of abuse of process by the County with respect to arbitration.

h. In the event that the arbitrators find the Claimants are not entitled to the relief (or any part of the relief) sought under the Contract, award of the relief requested above (and any additional relief available) under the principles of *quantum meruit*.

<u>Reservation</u>:  Claimants reserve the right to demand compensation in excess of the hourly rates set forth in the Contract in the event that Nassau County does not honor its contractual obligation to make certain contingent fee payments to Claimants. (*See* Paragraph 4 of the Contract, as amended by Paragraph 2 of Amendment No. 7 and Paragraph C of the General Conditions to Attachment No. 1 to the contract.)  The claims reserved herein are not within the scope of this arbitration demand.

Page B-1

Zorc & Chase Demand for Arbitration with
Nassau County, N.Y. - November 15, 2004

<u>ATTACHMENT B</u>   (continued)

Scope: In addition to the claims reserved above, this arbitration demand does not include reimbursable expenses which have not yet been invoiced to the County.

B.2.  <u>Hearing Locale Requested</u>

Paragraph 13 of our contract contains a County requirement that "[t]he venue of any such arbitration and hearing will be exclusively at the Garden City, New York regional offices of the American Arbitration Association." There being no such office, this provision is impossible of performance. Claimants request that the hearing locale be the Long Island Marriott Hotel.

B.3.  <u>Address for American Arbitration Association</u>

The Northeast Case Management Center, which administers cases in the State of New York, is located at:

950 Warren Avenue
East Providence, Rhode Island 02914

The telephone number for this center is:      (866) 293-4053
The fax number for this center is:      (401) 435-6529

B.4.  <u>Statement of Preclusion</u>

In compliance with applicable law of the State of New York on arbitration, Respondent is advised that, unless it applies for a stay of arbitration within twenty days after service, Respondent shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time. Claimants give notice that, under the circumstances applicable to this arbitration (and in view of the fact that the County insisted upon inclusion of its standard arbitration provision in our contract), any such application will be considered frivolous and an abuse of process.

Page B-2

ATTACHMENT B   (continued)

B.5  Federal Arbitration Act

Claimants' legal services for the County constitute services affecting interstate commerce.  To the extent that there is any conflict between the laws of the State of New York regarding this arbitration proceeding and the Federal Arbitration Act,  9 U.S.C. §§ 1 *et seq.* (as interpreted by the Supreme Court of the United States, the United States Court of Appeals for the Second Circuit and the United States District Courts within the Second Circuit), the laws of the State of New York are preempted by the Federal Arbitration Act.  *See*, for example:  *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983);  *Southland Corp. v. Keating*, 465 U.S. 1 (1984); *Home Insurance Co. v. New England Reinsurance Corp.*, 1999 U.S. Dist. LEXIS 13421 (S.D.N.Y. 1999).

```
..................................................................x
```

| | |
|---|---|
| Judith L. Chase, Joseph M. Zorc and Zorc & Chase, | American Arbitration Association<br>Case No. 13  194 02690 04 |
| Claimants | Case Manager:<br>Hannah R. Cook |
| County of Nassau, New York, | Arbitrators:<br>Eugene I. Farber, Esq. |
| Respondent | Edna R. Sussman, Esq.<br>Michael G. Berger, Esq. |

```
..................................................................x
```

## STATEMENT OF CLAIM

Pursuant to Procedural Order No. 1 dated July 12, 2005, Claimants issue this Statement of Claim, which supersedes their November 15, 2005 arbitration demand.

### Summary Statement of Claim

**1. Balance of 2002 Hourly Fees.** This claim is for the **balance of hourly fees due** for services rendered by Claimants to Nassau County during **2002**, and related charges, costs, interest and expenses. *See* the parties' letter agreement dated March 11, 2005 (Exhibit G).

### Claimants

**2. Zorc & Chase** is a two-attorney law firm located in Washington, D.C.

a. **Judith L. Chase** is a 1968 graduate of Columbia Law School and a member of the bar of the State of New York, During her legal career she has served, *inter alia*, as: an associate at LeBoeuf, Lamb, Leiby & MacRae; Counsel to Pan American World Airways and its subsidiary, Intercontinental Hotels Corporation; Division Counsel to the second-largest division of Union Carbide Corporation (and Counsel to its Environmental Systems Department); and U.S. Counsel to Linde Aktiengesellschaft of Wiesbaden and Munich, Germany, as well as General Counsel to its U.S. and Canadian subsidiaries.

b. **Joseph M. Zorc** is a 1964 graduate of Georgetown Law Center and a member of the Bar of the District of Columbia. After several years of law practice in Washington, D.C., he participated in the formation of the Environmental Protection Agency and served as chief counsel for more than 30 of EPA's programs, including the Clean Water Act municipal grant program which resulted in over $300 Billion of municipal wastewater treatment plant construction. Mr. Zorc was the principal author of most of the regulations and policies that govern Nassau County's EPA grants.

    c. Zorc & Chase was formed in 1991 as an association of the law practices of Judith L. Chase and Joseph M. Zorc. Z&C has no other full-time attorneys, but utilizes a "team" of appropriate professionals for each specific client. We have represented a number of large and small municipalities in New York and throughout the United States on a variety of environmental matters, primarily related to the EPA construction grant program.

## Background of Dispute

3. Effective August 2, 1993, Nassau County entered into a contract with Zorc & Chase for legal and regulatory services related to optimization of the County's grant funding through administrative appeals and related services. In compliance with the federal Clean Water Act and state law Nassau County had undertaken a $1+ Billion construction program, which primarily consisted of the expansion and upgrade of its Bay Park and Cedar Creek water pollution control plants ($250 Million each) and approximately a half billion dollars of interceptor and lateral sewer line construction.

4. With substantial assistance from Ernst & Young (and predecessor firms) and, to a lesser extent, the Washington-based law firm of former NYSDEC Commissioner Henry Diamond, the County's Department of Public Works believed that it had received (as of mid-1993) all of the grant funding to which it was entitled. However, over DPW's initial objections, the Office of County Attorney and the County Executive retained Zorc & Chase to determine if additional grant funding could be obtained.

5. During the next ten years, Zorc and Chase established a **Quarter-Billion Dollars of additional grant entitlements** for Nassau County. Approximately **$77 Million** of this was received by the County before November 26, 2003, when our contract was terminated. (This constituted an 855% return on the County's legal fees to Zorc & Chase at the time of termination.) The balance was pending at various stages of the multi-level EPA grant appeals process, which originates with three levels at its statutory agent, NYSDEC in Albany, one level at the Office of Audit of the EPA Inspector General, two appellate levels at EPA's Region 2 office in New York City, and a final (discretionary) appellate review by EPA Headquarters. This is not a simple situation of a law firm representing a client on a single case. For more than ten years Zorc & Chase prosecuted **thirty-four** administrative grant appeals for Nassau County at **seven** administrative levels of NYSDEC and EPA, covering over **one hundred** separate administrative actions governed by at least **ten** different sets of federal and state regulations.

6. In January 2002 a new administration took office and proceeded to eliminate virtually all of its contracts with outside legal counsel. The Office of the County Attorney (OCA) continued Z&C's services. Both OCA and DPW, which oversaw and coordinated Z&C's services, joined in the processing and approval (ultimately, by the Nassau County Legislature and County Executive) of Amendment No. 12R to the contract, which provided an additional $3.8 Million to reimburse previously unpaid services and to fund continued services.

7. Z&C's services resulted in the receipt by Nassau County of $17 Million in 2002 and another $17 Million in 2003. Notwithstanding this success, substantial delays in payment to Z&C continued. Although some interim payments were made, OCA held Z&C's bills without reviewing them, claiming that "it did not have time" to do so. Shortly after the receipt of an EPA payment of $7.5 Million in early November 2003, the County Attorney terminated Z&C's services ("for success"). The termination letter was issued without cause, without notice and without an opportunity to cure. The termination was in contravention of an express provision inserted by the County in the parties' contract which required that

3

the agreement continue until all litigation was concluded and all payments therefor had been made.  This contract was perhaps the only personal services agreement of the County which intentionally (at the instance of the County) did not include otherwise "standard" termination and cancellation clauses.

8.  In December 2002 the County Attorney agreed to immediately pay fifty per cent (50%) of our then outstanding bills and to promptly initiate review of these bills for payment of the remaining fifty per cent (50%).  The County Attorney has reneged on this commitment.  The fifty per cent (50%) payment was not made until mid-2003.  The Office of the County Attorney has still not completed its review of these bills and has not processed them for payment of the second fifty per cent (50%).  It is clear that the Office of the County Attorney has no intention to review or pay the balance due for the hourly fee bills now submitted for arbitration.  The County breached its payment obligation regarding these bills.

9.  At the time of termination, Z&C had provided almost $3 Million in hourly fee services for which it was not paid by the County, including almost $1 Million for 2002 services, which are the subject of this arbitration.  In effect, the County's failure to pay for these services amounts to a 25% reduction in our hourly fee rates.  In addition, Z&C now has substantial *quantum meruit* and other claims against the County.  (The contract capped our hourly fees at the rates in effect in 1993, but provided for contingent fees in addition to the hourly fees.)

10.  After holding our bills without review for many months (thereby rendering them *accounts stated* under applicable New York law), the Office of the County Attorney raised a spurious "format issue" more than a year after the new administration had come into office.  Our original hourly fee bills for 2002 services were rendered in the same format that we had been using since 1993.  This format had been accepted by the County (including the new administration) until January 2003.  From that point onward, the County not only claimed that it "did not have time" to review our bills, but refused to do so unless we reformatted them in a manner not required by the contract which the County had drafted.

11.  The Office of the County Attorney refused to meet with us to discuss our bills and did not respond to our telephone calls, memos and letters offering to change our billing format *prospectively* if they would identify a format they would find acceptable.  In desperation, we spent considerable time and effort reformatting our bills in a manner not required by our contract.  Despite this effort, the County has still not reviewed and paid the remainder outstanding on our bills for services performed from January 1 through December 31, 2002.  The reformatting work has cost us time that we would otherwise have spent on remunerative work.  We are entitled to compensation for the reformatting work that was not required by our contract (especially under *contra proferentem* interpretation).

**2002 Services**

12.  During 2002 Z&C provided very substantial services to the County.  These services are detailed on the hourly fee bills for each month.  At DPW's request, there was separate billing to Sewer Districts 2 (for Bay Park) and 3 (for Cedar Creek and the sewer projects).  Each bill contains an initial statement of "Principal Activities" for that district for that month.  The billing entries provide more information to the client than is found in most legal bills.  During the course of its representation of the County, Z&C received numerous compliments from County officials (including the County Legislature) about the detail and informative content of its bills.

13. The principal Z&C focus during 2002 was on the **891-12** (Bay Park) plant grant project, which served as the "lead case" for the establishment of entitlement for engineering services during construction. NYSDEC and EPA had repeatedly denied grant funding for a substantial portion (**over $100 Million**) of construction engineering services on the 891-12 and other Nassau County grant projects. Z&C obtained favorable rulings leading to the reversal of the bases for these denials. These reversals of DEC's and EPA's positions were based on: (a) an enormous and highly persuasive "SuperChart" (conceived and developed by Z&C) demonstrating the extent, value and reasonableness of the engineering services; (b) substantial legal briefing aided by Z&C's proprietary data base of unpublished grant appeal decisions by EPA Headquarters and the ten EPA Regions; and (c) Z&C's unparalleled knowledge of EPA rules, procedures and personnel. In addition, there were other multi-million dollar issues concerning construction and other entitlements on the Bay Park project pending before EPA Region 2. Many of the services concerning these entitlements were performed during 2002.

14. Other 2002 services performed by Zorc & Chase concerned equally substantial, but in major part quite different, grant entitlements on the **1139-03** (Cedar Creek) plant grant. Our work also included ongoing appeals to EPA Headquarters on fourteen other grants. In addition, Z&C was performing services in 2002 on several other grant appeals and projects, including obtaining EPA and DEC approvals on procedures to obtain additional odor control funding at Bay Park and Cedar Creek. (Z&C had conceived a way to obtain Congressional authorization for award of up to $30 Million for this purpose.)

15. On the **891-12** project Z&C established approximately $40 Million in additional grant funding entitlements for the County.[1] Of these, the County has already received $23,707,318. This includes the reversal of EPA's demand for a refund from the County of $4,605,541.

16. On the **1139-03** project Z&C also established approximately $40 Million in additional grant funding entitlements for the County.[2] Of these, the County has already received $8,761,417. The "lag" in 1139-03 receipts compared to those under 891-12 results from the fact that, for compelling procedural reasons, Zorc & Chase and the County persuaded EPA Region 2 to give unprecedented chronological priority to the 891-12 appeal as a "lead" project — a development enormously favorable to the County.

17. Z&C's accomplishments for the County were detailed on a series of "Status Charts" which were compiled with the participation of County personnel (especially DPW), summarized in a now-final Status Chart compiled in October-November and issued in early December of 2003.

---

[1] This $40 Million sum does *not* include an additional $9,440,000 which Zorc & Chase obtained for the County in 1998 under the **891-05** project for the design of the Bay Park treatment plant. It is also exclusive of $14,135,060 which the County has already received on **891-13** (a 100% grant for replacement of failed innovative **FBR** technology at the Bay Park plant) and $7,500,000 which the County received in 2003 for additional **odor control** funding for Bay Park. The *quantum meruit* fees to which Zorc & Chase is entitled as a result of the $75,312,448 in funding entitlements established under the 891-05, FBR and Odor Control projects is the subject of the third arbitration and is not within the scope of the instant proceedings.

[2] This $40 Million does *not* include the $7.5 Million which the County received in 2003 for additional odor control funding at Cedar Creek in connection with one of the two Odor Control projects covered by the third arbitration.

5

**The Arbitration Provision**

18. The contract between the parties (Nassau County No. C-33412) contains the following arbitration provision:

> 13. This Agreement and the rights and obligations of the parties hereto shall be governed by and construed in accordance with the law of the State of New York. In the event of any dispute, claim or controversy arising hereunder or in connection herewith, the matter will be submitted for binding arbitration to a panel of three commercial arbitrators qualified by the American Arbitration Association, pursuant to the rules, regulations and guidelines of the American Arbitration Association. The parties agree that the decision of the arbitrators will be binding and not subject to appeal, except solely and exclusively on the grounds set forth in the New York Civil Practice Law & Rules. The venue of any such arbitration and hearing will be exclusively at the Garden City, New York regional offices of the American Arbitration Association.

**Federal Arbitration Act**

19. Zorc & Chase's legal services for the County constitute services affecting interstate commerce. To the extent that there is any conflict between the laws of the State of New York regarding this arbitration proceeding and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (as interpreted by the Supreme Court of the United States, the United States Court of Appeals for the Second Circuit and the United States District Courts within the Second Circuit), the laws of the State of New York are preempted by the Federal Arbitration Act. *See,* for example: *Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1 (1983); *Southland Corp. v. Keating,* 465 U.S. 1 (1984); *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52 (1995); *Home Insurance Co. v. New England Reinsurance Corp.,* 1999 U.S. Dist. LEXIS 13421 (S.D.N.Y. 1999).

**Amounts Claimed**

20. The amount of the claims within the scope of this arbitration are set forth in **Exhibit H.** The breakdown of Zorc & Chase's unpaid bills for calendar year 2002 services is attached as **Exhibit F.**

**Consolidation Issue**

21. This arbitration is the fifth of six arbitrations filed by Zorc & Chase against the County. Nassau has repeatedly argued, to the AAA, to individual panels of arbitrators, and to state and federal courts at the trial and appellate level, that all of the disputes between the parties should be resolved in a single, consolidated arbitration proceeding. Except for initial TRO's obtainable *ex parte* under state law, the courts have consistently ruled against the County. Zorc & Chase's reasons for opposing consolidation are summarized in **Exhibit A.** A summary of the six arbitrations is set forth in **Exhibit B.** A summary of the County's litigation is attached as **Exhibit C.** The County has taken every opportunity to delay the very arbitration proceedings required by its own arbitration clause. The instant proceedings were commenced on November 15, 2004 and the first evidentiary hearing is not scheduled until November 30, 2005, more than a year later.

6

22.  A succinct summary of the parties' arguments, and the justification for denial of the County's requests for consolidation and injunctive relief is contained in the June 1, 2004 Decision and Order of Justice Bucaria in *County of Nassau v. Zorc & Chase,* New York State Supreme Court Index No. 003360/04 (Exhibit D), Appellate Division (2d Dept) Index No. AD 2004-05256, *TRO denied* June 24, 2004, *injunction pendente lite denied* July 19, 2004, *appeal withdrawn* February 10, 2005.  Justice Bucaria's decision expressly recognizes (at page 6) the dire financial straits of a two-attorney law firm that has been devoting substantial time to a major client that has failed to pay for the services rendered:

> It can be readily understood that a client which occupies a vast majority of a small firm's time, and has not paid for services rendered, places that firm in a financial bind.  A stay of proceedings and consolidation order could result in a single prolonged arbitration proceeding and could quite possibly force the firm to close its doors.  Such a course of action constitutes the imposition of substantial prejudice on Zorc & Chase.

23.  When the instant arbitration proceeding was commenced, the County obtained an *ex parte* order from the New York State Supreme Court staying these proceedings and seeking consolidation of the instant arbitration with the four previously filed proceedings.  (The County did not inform the presiding judge of Justice Bucaria's previous denial of consolidation.)  Zorc & Chase removed that action to the United States District Court for the Eastern District of New York.  On January 28, 2005 District Court Judge Platt held a hearing in the case, the transcript of which is annexed at Exhibit E.  Judge Platt opined that Justice Bucaria's June 1, 2004 Decision and Order precluded the County's action (Tr. 11/2-11) and expressly stated that separate arbitration proceedings were the only way Zorc & Chase could obtain relief from the County (Tr. 6/17-20).  He also noted: "Nobody practices law the way the County does here" (Tr. 26/4-5).  Nassau voluntarily dismissed its case with prejudice in March 2005.

24.  The foregoing are included herein because it appears inevitable that the County will in some manner raise the consolidation issue in this arbitration (as it has in every prior arbitration) and because the included materials present background information important to the resolution of this arbitration.

25.  Among the reasons for opposing consolidation of arbitrations set forth in Exhibit A hereto is the sheer volume of testimony and evidence required to substantiate the services rendered by Zorc & Chase to Nassau County and the results obtained therefrom.  There are 1,200 potential (three-inch) volumes of Claimants' exhibits relating to our services to Nassau, 200 of which relate to the instant arbitration proceeding.  We believe we can reduce our evidence in this case to approximately eight three-inch binders if the Panel permits us to submit summaries and charts (subject to *voir dire* and cross examination).  We also believe that the proceedings can be expedited (as they have been in other arbitration proceedings) by the submittal of affidavits accompanied by summary (in lieu of extended) oral testimony, with the affiant subject to cross examination on both.

### Economic Necessity for Prompt Resolution

26.  As observed by Justice Bucaria (quoted in para. 22, above), and as should be obvious, Nassau County has placed Zorc & Chase in a "financial bind" of major proportions.  It is imperative that this arbitration (filed in November 2004) be resolved as promptly as possible.

### Exclusions from the Scope of This Arbitration

27.  This arbitration concerns *only* Zorc & Chase's unpaid hourly fee billings for 2002.  Zorc & Chase's unpaid hourly fees for other time periods are not within the scope of this proceeding.  Nor does this arbitration encompass Zorc & Chase's claims for *quantum meruit* fees for results obtained on the 21 grant appeals and related projects handled by Z&C during the term of the contract.  This arbitration does not cover Zorc & Chase's claim against the County in *respondeat superior* for the tortious interference with its contract rights and professional relations on the part of the County Attorney and three of her deputies.   This arbitration does not cover the subject matter of the other five arbitrations described in Exhibit B.

Respectfully submitted,

Judith L. Chase, *pro se*          Joseph M. Zorc, *pro se*

July 21, 2005
Washington, D.C.

Zorc & Chase
1719 19th Street, N.W.
Washington, D.C. 20009-1605

Tel:      (202) 667-5000
Fax:      (202) 234-1616

cc:      Lorna B. Goodman, County Attorney
County of Nassau New York

Attn.  David B. Goldin, Bureau Chief (By Federal Express)

# EXHIBIT C

 American Arbitration Association
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

November 5, 2007

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

Via Regular Mail

Judith L. Chase & Joseph Zorc, Esq.
Zorc & Chase
1719 19th Street, NW
Washington, DC 20009-1605

Ralph Reissman, Esq.
County Attorney
Nassau County Executive Building
One West Street
Mineola, NY 11501

Re: 13 194 02690 04
    Judith L. Chase, Esq., Joseph M. Zorc, Esq.
    and Zorc & Chase
    and
    Nassau County, NY

Dear Counsel:

Enclosed please find the hard copy of the Award for this matter, previously transmitted to you via fax and e-mail on October 17, 2007. Please note that the case file will be destroyed fifteen (15) months after the date of this letter.

Sincerely,

Hannah R. Cook
Case Manager
401 431 4708
cookh@adr.org

*Supervisor Information: Heather Santo, 401 431 4702, SantoH@adr.org*

Encl. Award Hard Copy

cc:     Eugene I. Farber, Esq.
        Edna R. Sussman, Esq.
        Michael G. Berger, Esq.

10/17/2007  16:06 FAX                                                               003/014

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL
------------------------------------------------------x
Judith L. Chase, Esq., Joseph M. Zorc, Esq. and
Zorc & Chase,

               Claimants,             **Case No. 13 194 02690 04**

  -and-

Nassau County, NY

           Respondent.
------------------------------------------------------x

## AWARD OF ARBITRATORS

     THE UNDERSIGNED ARBITRATORS, having been duly qualified pursuant to

paragraph 13 of the "Agreement for Legal/Regulatory Services" (the "Retainer

Agreement") effective as of August 2, 1993, between Zorc and Chase and Respondent

the County of Nassau (the "County"), and the Arbitrators having executed their oaths,

and having conducted 12 days of evidentiary hearings in this matter, do hereby Find

and Award as follows:

     At issue here is the Claimants' entitlement to payment of legal fees for legal

services claimed to have been provided by Claimant to the County in 2002 pursuant to

the Retainer Agreement.  The Retainer Agreement set forth Zorc and Chase's hourly

fees plus additional percentage fees contingent upon successful results.  Any

entitlement pursuant to that contingency arrangement for the successes to which

Claimants refer is not before us.  Of the total Zorc and Chase billed the County for legal

services in 2002, the County has paid 50% of the fees charged in the amount of

$678,962.50.  At issue here is the remaining 50% of the legal fees for 2002 and certain

additional charges claimed by Zorc and Chase for "reformatting" its bills in the amount of $38,500 and for "case management" in the amount of $153,375 for which Zorc and Chase had not originally billed the County.

Based upon our review of the extensive documentary evidence and our evaluation of the credibility of the witnesses, we deny Claimants' claims set forth in the Demand for Arbitration in their entirety.  Our conclusions are based upon the following analysis:

A.  We Find that Claimants' bills to the County for legal services for 2002 were not accurate, not reasonable, and not credible for the following reasons:

1.  Zorc and Chase billed extraordinarily high hours for 2002 given the very minimal legal work shown to the Tribunal.  This is especially so, since in 2002 Zorc and Chase made no court appearances, participated in limited agency appearances or external meetings, submitted no briefs or memoranda of law, and prepared and/or submitted very few letters.

2.  It is not credible that on such a high number of days, Mr. Zorc and Ms. Chase allegedly performed exactly the same work for exactly the same number of hours.  65% of all time entries in 2002 for Mr. Zorc and Ms. Chase were identical.  An overwhelming number of all telephone calls in 2002 were by both Mr. Zorc and Ms. Chase for the same number of hours.  Ms. Chase's explanations on these points were not persuasive. To the extent they reflect collaborative efforts among counsel, we Find, based on the evidence presented, that it was not reasonable to duplicate efforts to the great extent reflected in the bills.

3.  It is not credible that Mr. Zorc and Ms. Chase performed so much work and

2

rendered so many billable hours while they were in Italy and in the Virgin Islands in 2002.

4.  It is not credible that especially in January and February 2002, and especially given their states of health, that Mr. Zorc and Ms. Chase each had many days with billable hours approaching 18 hours a day.  When asked to explain, they advised that they were faced with significant deadlines, although the "deadline" for the County's work was several months in the future.  Additionally, much of the alleged work of Mr. Zorc and Ms. Chase during this deadline period consisted of updates of congressional staff changes.  It also does not seem credible that if there were pressing deadlines leading to 18 hour work days that Mr. Zorc and Ms. Chase would spend so much time obtaining and reviewing information regarding congressional staff changes.  Moreover, no memos or records were produced to establish that all the hours billed by Zorc and Chase for tracking congressional staff changes during this time period were actually rendered.

5.  Zorc and Chase's bills for services rendered in 2002 reflect 182 hours of legal time for *quantum meruit* research.  However, the memorandum of law regarding *quantum meruit* submitted by Zorc and Chase in May 2003, reflected virtually no changes from a memorandum of law drafted years earlier by Zorc and Chase.  More incredibly, by way of explanation, during the hearings (not during discovery, although the Tribunal had ordered all such documents produced during discovery), Zorc and Chase produced another memorandum of law regarding *quantum meruit* dated November 2003 which was never submitted to anyone, but allegedly contained significant changes purportedly reflecting the 2002 research.  It makes no sense that

3

extensive research allegedly done in 2002 was no where reflected in a submitted memorandum of law in May 2003, but was reflected in a memorandum of law which was later written but not submitted to anyone in November, 2003, about a year after the end of 2002.

6.  The Zorc and Chase time sheets contained 242 references to work done by attorneys at Zorc and Chase in connection with legal documents. Yet, virtually no such documents were produced by Zorc and Chase to the County in response to document requests and virtually no such documents were introduced by Zorc and Chase in evidence at the hearings.

7.  Zorc and Chase engaged one associate whose time records were produced because that associate billed Zorc and Chase based upon his contemporaneous time sheets. With no credible explanation, Zorc and Chase changed the time set forth on the associate's time sheets when it billed the County.

8.  Many of Zorc and Chase's very busy days in early 2002 were also occupied with rendering services for another municipality thereby leading to further question as to the number of hours allegedly rendered each day. Based upon a review of both the issues referred to on the bills and related to the legal work performed for the other municipality, there was serious question as to whether Zorc and Chase billed the County for work done for the other municipality, which had a cap on its billing of $75,000.00 per annum.

9.  A significant portion of the Zorc and Chase bills was for paralegal work. However, Zorc and Chase kept no time sheets for the paralegals, had no record of their work, produced no records of payment to these paralegals, and with one exception,

4

could not even identify the names of the paralegals.

10.  Some of the Zorc and Chase work allegedly performed in May 2002 consisted of reviewing 32 decisions of the Environmental Protection Agency.  However, this work seemed entirely duplicative of work performed and billed for by Zorc and Chase in 2001.  The only difference appeared to be that the 2001 work was billed to District 2 but the 2002 work was billed to both Districts 2 and 3.

11.  Zorc and Chase did not retain contemporaneous records of lawyer time.  Rather, their practice was to have Ms. Chase take notes on her computer of her time and Mr. Zorc's time.  These notes were used by Ms. Chase and overwritten when bills were prepared for the County many months later, and for some months as much as a year later.  In preparing the final bills, Ms. Chase consolidated all attorney time descriptions into one block billing entry.  Without the benefit of the original notes, it was not possible to compare contemporaneous notes with the final bills or to analyze the actual work performed by each attorney as recorded contemporaneously.  The Retainer Agreement (paragraph 9) required Zorc and Chase to keep records of its time for a 5 year period.  No such credible records were maintained.

B.  We Find that the County acted reasonably in asking for more information about the Zorc and Chase 2002 bills including a request by the County that such bills be reformatted to comply with the Retainer Agreement.  Our conclusion is based upon the following:

1.  The Retainer Agreement required Zorc and Chase to invoice on a monthly basis.  Zorc and Chase completely failed to do so.  In fact, none of the bills for 2002 were received by the County in 2002.  Given the failure to comply with the Retainer

Agreement and the great delays in receipt of the Zorc and Chase bills, it was reasonable that the County would seek better explanation in connection with the accuracy of the bills.

   2.  The Retainer Agreement required that the Zorc and Chase bills reflect hours spent by each attorney on a daily basis.  Zorc and Chase completely failed to comply, instead using "block billing" lumping the work of Mr. Zorc, Ms. Chase, and the associate together in one time entry.  This was understandably problematic for the County because Mr. Zorc and Ms. Chase had different billing rates than the associate. Moreover, it was impossible to determine from the bills which attorney had performed which services and how long each task had taken.

   3.  We reject Zorc and Chase's argument that the County waived its right to ask for bills in conformity with the Retainer Agreement because prior County administrations had paid bills rendered in Zorc and Chase's "block billing" format.  We find that it was entirely reasonable for the County to request that all unpaid bills for 2002 comply with the Retainer Agreement.

   4.  We Find that the County acted in good faith when in April and May 2003 they paid 50% of the Zorc and Chase bills after requesting reformatting.  The evidence does not establish that the request for reformatting was part of a plan by the County to fire Zorc and Chase or to discriminate against Zorc and Chase in any way.  To the contrary, the evidence established that the work of all outside law firms was being reviewed by the new County administration, and, in fact, the County appeared desirous of continuing its relationship with Zorc and Chase.

   C.  We Find that Zorc and Chase's reaction to the County's request for

6

reformatted bills was highly improper and that the reformatted bills themselves were also not accurate, not reasonable and not credible for the following reasons:

1. Zorc and Chase's initial hostile reaction to the County's request for reformatting was entirely inappropriate and its initial written statement to its client that it would take 32 working days to reformat 24 bills was a gross exaggeration.

2. After enormous resistance, Zorc and Chase finally did reformat its bills. The reformatting was performed for many of the bills nearly 2 years after the services were rendered. The reformatting was done without reference to any notes, time sheets, or other contemporaneous records of services rendered, since Mr. Zorc and Ms. Chase did not maintain such records although, as noted above, they were required to do so.

3. Many of the reformatted bills contained errors including hours billed which did not match the original bills. Every single error was in favor of Zorc and Chase.

4. In many instances, the reformatting effort by Zorc and Chase seems to have consisted of little more than taking one paragraph of the original bill and breaking it into two paragraphs for the reformatted bill.

5. Because Zorc and Chase had the detailed time sheets of their associate for 2002, it would have been relatively easy for them to respond, at least in part, to the County's requests for more information by providing the County with the associate's time sheets. Zorc and Chase refused to do so and provided no reasonable explanation for this refusal.

D. The Tribunal had serious doubts as to Zorc and Chase's credibility regarding the veracity and accuracy of both the original bills and the reformatted bills because of the highly questionable and arguably unprofessional conduct of Zorc and Chase toward

7

its client as follows:

    1.  The testimony and conduct of Mr. Zorc and Ms. Chase about their original meeting with County officials in the new administration was directly contradicted by their own prior testimony regarding such meeting.

    2.  Zorc and Chase appeared to engage in a course of conduct designed to intimidate County officials.  Specifically, Zorc and Chase sent a "Notice of Claim" threatening to personally sue various County attorneys for millions of dollars because the County sought reformatting of the bills and was allegedly delaying its review of the original bills.

    3.  Zorc and Chase threatened to publish articles in local newspapers in Nassau County charging County officials with wrongdoing because of their request for reformatting and alleged failure to review the bills.

    4.  At least one County attorney was left one or more voice mails by Mr. Zorc threatening her personally with RICO claims.

    5.  Zorc and Chase accused County officials of "diverting funds".

    6.  Zorc and Chase sent County officials a poem composed by Mr. Zorc which contained derogatory statements about County officials and claimed that various named County officials were engaged in personal improprieties, including a statement that a senior County official was "in the sack, with a French minister."

    7.  Despite the above bizarre conduct, Zorc and Chase strenuously objected to the County's termination of their services arguing (although not relevant to this arbitration) that the County had wrongfully breached the termination clause of the Retainer Agreement.

8

E.  We reject Zorc and Chase's claim that it was entitled to be paid on the basis of an account stated for the following reasons:

1.  We Find that the County timely objected in writing to the Zorc and Chase bills.

2.  We Find that Zorc and Chase's position that the County had to react immediately in objecting to a bill even though Zorc and Chase took months to render the bill is untenable.  In fact, the times between receipt of many bills and objection by the County were often far less than the times between when the legal services were allegedly rendered and when the bills were actually received by the County from Zorc and Chase.

3.  We Find that the County's payment of 50% of the Zorc and Chase bills was a good faith accommodation and did not constitute any admission by the County of the total amount due.  To the contrary, the County explicitly reserved all rights regarding the other 50% claim which constitutes the essence of the demand in this arbitration.

F.  Based upon the reasons set forth above and based upon the existence of the Retainer Agreement, we deny Zorc and Chase's claims based upon *quantum meruit*.

G.  Based on our evaluation of the witness' credibility and the evidence, we Find that the payment of 50% of the legal fees already paid by the County for the legal services rendered by Claimant in 2002 completely satisfied the County's obligation to pay Claimants for its claims in this arbitration.

H.  We deny Zorc and Chase's claims for $38,500 in additional fees for reformatting the bills and for an additional $153,375.00 for "case management fees", which were additional fees added by Claimant long after the bills were originally submitted to the County, for the following reasons:

9

1.  The Retainer Agreement does not provide for such additional charges.

2.  As noted above, we find the reformatting effort was fairly requested by the County but was not responded to appropriately or in good faith by Zorc and Chase. We also find that the reformatted bills themselves were neither accurate nor credible.

3.  The case management fees were added long after the original bills were submitted to the County and are conceded estimates allegedly accounting for time intervals of less than 30 minutes but with no contemporaneous written substantiation. Moreover, some of the case management fees were allegedly for management of various legal tasks performed on days when, according to the time sheets, no other legal tasks were performed.

I.  We Find that the County is entitled to an award of legal fees in this matter for the following reasons:

1.  Pursuant to American Arbitration Association Commercial Rule 43(d)(ii), both parties requested that the Tribunal award attorneys fees to the prevailing party. Zorc and Chase has submitted a fee application for $1,466,307.00 and the County has submitted a fee application of $90,062.50. We find that the County was the prevailing party in this arbitration.

2.  We find that this arbitration was unduly protracted because Zorc and Chase did not comply with the Tribunal's discovery orders and did not comply with the directions and/or suggestions of the Tribunal regarding the conduct of the hearing. Specifically, we find that Zorc and Chase unnecessarily prolonged the hearings by continuously providing evidence and strenuous and prolonged arguments about the following irrelevant matters:

(a) Work allegedly performed by Zorc and Chase in years other than 2002.

(b) Alleged accomplishments by Zorc and Chase for the County, particularly in years prior to 2002.

(c) Whether there was a valid termination of the Retainer Agreement by the County.

(d) Whether County officials were knowledgeable and/or competent regarding the legal issues which were the subject of the Zorc and Chase retention.

(e) Irrelevant information regarding prior and pending arbitrations.

(f) Continuous argument about the need for an expeditious conclusion of the arbitration coupled with continuous requests for delays and accusations of unfair treatment when the Tribunal attempted to accelerate the proceedings.

J. Based upon the above, we Award as follows:

1. All claims of Claimants are denied in their entirety.

2. Within 30 days of the date of this Award, Claimants shall pay to the County the sum of $90,062.50 representing the County's attorneys' fees.

3. The administrative fees of the American Arbitration Association totaling $8,500.00 and the compensation and expense of the arbitrators totaling $164,969.65 shall be borne by the Claimants. Therefore, the Claimants shall reimburse the Respondent the sum of $82,484.81, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by the Respondent.

4. The expense of all transcript and hearing room rentals shall be borne by Claimants.

5. Any and all claims not decided herein are deemed denied.

11

6.  This Award may be executed in counterparts.

| | |
|---|---|
| Date | Eugene I. Farber |
| _10/17/07_ | |
| Date | Michael G. Berger |
| | |
| Date | Edna R. Sussman |

I, Eugene I. Farber do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

| | |
|---|---|
| Date | Eugene I. Farber |

I, Michael G. Berger, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

| | |
|---|---|
| _10/17/07_ | |
| Date | Michael G. Berger |

I, Edna R. Sussman, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

| | |
|---|---|
| Date | Edna R. Sussman |

12

6. This Award may be executed in counterparts.

_____          _____
Date                                   Eugene I. Farber

_____          _____
Date                                   Michael G. Berger

_____          _____
Date                                   Edna R. Sussman

I, Eugene I. Farber do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____
Date                                   Eugene I. Farber

I, Michael G. Berger, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____          _____
Date                                   Michael G. Berger

I, Edna R. Sussman, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____          _____
Date                                   Edna R. Sussman

12

4.  The expense of all transcript and hearing room rentals shall be borne by Claimants.

5.  Any and all claims not decided herein are deemed denied.

6.  This Award may be executed in counterparts.


_____        _____
Date                                    Eugene I. Farber

_____        _____
Date                                    Michael G. Berger

_Oct. 17, 2007_____             _Edna R. Sussman_____
Date                                    Edna R. Sussman


I, Eugene I. Farber do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____        _____
Date                                    Eugene I. Farber


I, Michael G. Berger, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_____        _____
Date                                    Michael G. Berger


I, Edna R. Sussman, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

_Oct. 17, 2007_____             _Edna R. Sussman_____
Date                                    Edna R. Sussman

12

# EXHIBIT D

10/19/2007 10:54  631-2  9798  HAND COURT RF TING  PAGE 02

# Suzanne Hand
## & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700  Fax: (631) 277-9798

# INVOICE

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 149001 | 07/12/2006 | 01-75896 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 06/27/2006 | FOLEMA | |

| CASE CAPTION |
|---|
| ZORC & CHASE v NASSAU COUNTY |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Original and Four (4) copies of Transcript of:
   MINUTES OF PROCEEDINGS       384 Pages         1,824.00
       REPORTER ATTENDANCE                      20.00

                               TOTAL  DUE  >>>>     1,844.00

TIME: 9:30a.m. - 5:25p.m.
ORIGINAL & ONE COPY + 2 COPIES ENCLOSED.
THANK YOU!!

TAX ID NO.:  11-3030135                (516) 571-3056   Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.   :  01-75896
Case No.  :
ZORC & CHASE v NASSAU COUNTY

Invoice No.:  149001
Date    :  07/12/2006
TOTAL DUE  :  1,844.00

## PAYMENT WITH CREDIT CARD

Card Holder's Name: _____
VISA/MC/AmExp #: _____
Exp. Date: _____ Phone #: _____
Billing Address: _____
Amount to Charge: _____ Zip: _____
Cardholder's Signature: _____

Remit To:   SUZANNE HAND & ASSOCIATES, INC.
            Court Reporting & Transcription Services
            One South Bay Avenue
            Islip, NY 11751

10/19/2007  10:54    631-27  3798    HAND COURT REPORTING    PAGE 03



# Suzanne Hand
### & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700  Fax: (631) 277-9798

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 149017 | 07/13/2006 | 01-75897 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 06/28/2006 | FOLEMA | |

| CASE CAPTION |
|---|
| ZORC & CHASE v NASSAU COUNTY |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Original and  Four (4) copies of Transcript of:
    MINUTES OF PROCEEDINGS          353 Pages                    1,676.75
              REPORTER ATTENDANCE                                    20.00

                                    TOTAL   DUE   >>>>           1,696.75

TIME: 9:30a.m. - 5:30p.m.
ORIGINAL & TWO COPIES + 2 EXTRA COPIES ENCLOSED.
THANK YOU!!

TAX ID NO.:  11-3030135                        (516) 571-3056   Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.    :  01-75897
Case No.   :
ZORC & CHASE v NASSAU COUNTY

Invoice No.:  149017
Date       :  07/13/2006
TOTAL DUE  :  1,696.75

## PAYMENT WITH CREDIT CARD

Card Holder's Name: _____
VISA/MC/AmExp #: _____
Exp. Date: _____  Phone #: _____
Billing Address: _____
Amount to Charge: _____  Zip: _____
Cardholder's Signature: _____

Remit To:    SUZANNE HAND & ASSOCIATES, INC.
             Court Reporting & Transcription Services
             One South Bay Avenue
             Islip, NY 11751

10/19/2007  10:54     631-277-9798              HAND COURT REPORTING                PAGE  04

# Suzanne Hand
## & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700 Fax: (631) 277-9798

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 149020 | 07/13/2006 | 01-75898 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 06/29/2006 | FOLEMA | |

| CASE CAPTION |
|---|
| ZORC & CHASE v NASSAU COUNTY |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

```
Original  and  Four (4) copies of Transcript of:
   MINUTES OF PROCEEDINGS              343 Pages              1,629.25
         REPORTER ATTENDANCE                                      20.00
                                                          _____
                                 TOTAL   DUE   >>>>           1,649.25

TIME: 9:30a.m. - 5:30P.M.
ORIGINAL & TWO COPIES  + 2 EXTRA COPIES ENCLOSED.
THANK YOU!!
```

TAX ID NO.:  11-3030135                                    (516) 571-3056    Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

```
Job No.    :  01-75898
Case No.   :
ZORC & CHASE v NASSAU COUNTY

Invoice No.:  149020
Date       :  07/13/2006
TOTAL DUE  :  1,649.25
```

| PAYMENT WITH CREDIT CARD |
|---|
| Card Holder's Name: _____ |
| VISA/MC/AmExp #: _____ |
| Exp. Date: _____ Phone #: _____ |
| Billing Address: _____ |
| Amount to Charge: _____ Zip: _____ |
| Cardholder's Signature: _____ |

Remit To:   SUZANNE HAND & ASSOCIATES, INC.
            Court Reporting & Transcription Services
            One South Bay Avenue
            Islip, NY 11751

10/19/2007  10:54    631-277-9798                    HAND COURT REPORTING                    PAGE  05

# Suzanne Hand
## & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700  Fax: (631) 277-9798

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 149685 | 08/16/2006 | 01-76602 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 08/07/2006 | FOLEMA | |

| CASE CAPTION |
|---|
| ZORC & CHASE v NASSAU COUNTY |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Original and  Four (4) copies of Transcript of:
    MINUTES OF PROCEEDINGS                386 Pages                    1,833.50
        APPEARANCE FEE                                                    20.00

                                        TOTAL   DUE   >>>>            1,853.50

Time: 9:30a.m. - 5:25p.m.
Original & two copies + two copies enclosed
Thank you.

TAX ID NO.:  11-3030135                          (516) 571-3056    Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.    :  01-76602
Case No.   :
ZORC & CHASE v NASSAU COUNTY

Invoice No.:  149685
Date       :  08/16/2006
TOTAL DUE  :   1,853.50

| PAYMENT WITH CREDIT CARD |
|---|
| Card Holder's Name: _____ |
| VISA/MC/AmExp #: _____ |
| Exp. Date: _____  Phone #: _____ |
| Billing Address: _____ |
| Amount to Charge: _____  Zip: _____ |
| Cardholder's Signature: _____ |

Remit To:    SUZANNE HAND & ASSOCIATES, INC.
             Court Reporting & Transcription Services
             One South Bay Avenue
             Islip, NY 11751



# Suzanne Hand
## & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700 Fax: (631) 277-9798

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 149709 | 08/16/2006 | 01-76603 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 08/08/2006 | FOLEMA | |

| CASE CAPTION |
|---|
| ZORC & CHASE v NASSAU COUNTY |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

| | | |
|---|---|---|
| Original and  Four (4) copies of Transcript of: | | |
| MINUTES OF PROCEEDINGS | 349 Pages | 1,657.75 |
| APPEARANCE FEE | | 20.00 |
| | TOTAL DUE >>>> | 1,677.75 |

Time: 9:30a.m. - 5:31p.m.
Original & two copies + two copies enclosed
Thank you.

TAX ID NO. : 11-3030135                              (516) 571-3056     Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.    :  01-76603
Case No.   :
ZORC & CHASE v NASSAU COUNTY

Invoice No.:  149709
Date       :  08/16/2006
TOTAL DUE  :  1,677.75

| PAYMENT WITH CREDIT CARD |
|---|
| Card Holder's Name: _____ |
| VISA/MC/AmExp #: _____ |
| Exp. Date: _____  Phone #: _____ |
| Billing Address: _____ |
| Amount to Charge: _____  Zip: _____ |
| Cardholder's Signature: _____ |

Remit To:    SUZANNE HAND & ASSOCIATES, INC.
Court Reporting & Transcription Services
One South Bay Avenue
Islip, NY 11751

# Suzanne Hand
## & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700 Fax: (631) 277-9798

# INVOICE

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 149751 | 08/18/2006 | 01-76604 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 08/09/2006 | FOLEMA | |

| CASE CAPTION |
|---|
| ZORC & CHASE v NASSAU COUNTY |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

| | | |
|---|---|---|
| Original and  Four (4) copies of Transcript of: | | |
| MINUTES OF PROCEEDINGS | 340 Pages | 1,615.00 |
| APPEARANCE FEE | | 20.00 |
| | TOTAL DUE  >>>> | 1,635.00 |

Time: 9:30A.M. - 5:27P.M.
Original & two copies + two extra copies enclosed.

TAX ID NO.: 11-3030135                                 (516) 571-3056    Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.    :  01-76604
Case No.   :
ZORC & CHASE v NASSAU COUNTY

Invoice No.:  149751
Date       :  08/18/2006
TOTAL DUE  :   1,635.00

### PAYMENT WITH CREDIT CARD

Card Holder's Name: _____
VISA/MC/AmExp #: _____
Exp. Date: _____ Phone #: _____
Billing Address: _____
Amount to Charge: _____ Zip: _____
Cardholder's Signature: _____

Remit To:    SUZANNE HAND & ASSOCIATES, INC.
Court Reporting & Transcription Services
One South Bay Avenue
Islip, NY 11751

10/19/2007 10:54   631-2  9798          HAND COURT RE...        ...



# Suzanne Hand
## & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700  Fax: (631) 277-9798

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 149772 | 08/21/2006 | 01-76605 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 08/10/2006 | FUDETE | |

| CASE CAPTION |
|---|
| ZORC & CHASE v NASSAU COUNTY |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

```
Original and  Four (4) copies of Transcript of:          270 Pages              1,282.50
    MINUTES OF PROCEEDINGS                                                          20.00
         APPEARANCE FEE
                                                 TOTAL  DUE  >>>>               1,302.50

TIME: 9:30a.m. - 5:29p.m.
Original & two copies + two extra copies enclosed
```

TAX ID NO.: 11-3030135                                    (516) 571-3056   Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.     :  01-76605
Case No.    :
ZORC & CHASE v NASSAU COUNTY

Invoice No. :  149772
Date        :  08/21/2006
TOTAL DUE   :  1,302.50

## PAYMENT WITH CREDIT CARD

Card Holder's Name: _____
VISA/MC/AmExp #: _____
Exp. Date: _____  Phone #: _____
Billing Address: _____
Amount to Charge: _____  Zip: _____
Cardholder's Signature: _____

Remit To:   SUZANNE HAND & ASSOCIATES, INC.
Court Reporting & Transcription Services
One South Bay Avenue
Islip, NY 11751

10/13/2007  10:54   631-27__798          HAND COURT REPORTING          PAGE  09



# Suzanne Hand
## & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700 Fax: (631) 277-9798

# INVOICE

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 150060 | 09/06/2006 | 01-77349 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 08/23/2006 | FOLEMA | |

| CASE CAPTION |
|---|
| ZORC & CHASE v COUNTY OF NASSAU |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Original and  Four (4) copies of Transcript of:       342 Pages                    1,624.50
    MINUTES OF PROCEEDINGS                                                            20.00
              APPEARANCE FEE

                                        TOTAL   DUE   >>>>        1,644.50

TIME: 9:30a.m. - 5:24p.m.
Original & two copies + two extra copies enclosed.

TAX ID NO.: 11-3030135                         (516) 571-3056    Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.    :  01-77349
Case No.   :
ZORC & CHASE v COUNTY OF NASSAU

Invoice No.:  150060
Date       :  09/06/2006
TOTAL DUE  :   1,644.50

| PAYMENT WITH CREDIT CARD |
|---|
| Card Holder's Name: _____ |
| VISA/MC/AmExp #: _____ |
| Exp. Date: _____ Phone #: _____ |
| Billing Address: _____ |
| Amount to Charge: _____ Zip: _____ |
| Cardholder's Signature: _____ |

Remit To:    SUZANNE HAND & ASSOCIATES, INC.
             Court Reporting & Transcription Services
             One South Bay Avenue
             Islip, NY 11751

10/19/2007  10:54    631-277-9798              HAND COURT REPORTING              PAGE  10

# Suzanne Hand
## & Associates Inc.
Court Reporting & Transcription Services
(631) 277-2700  Fax: (631) 277-9798

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 150200 | 09/12/2006 | 01-77350 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 08/24/2006 | FUDETE | |

| CASE CAPTION |
|---|
| ZORC & CHASE v COUNTY OF NASSAU |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Original and Four (4) copies of Transcript of:
    MINUTES OF PROCEEDINGS              300 Pages              1,425.00
            APPEARANCE FEE                                        20.00

                            TOTAL  DUE  >>>>        1,445.00

TIME: 9:30 a.m. - 6:04 p.m.
Original & two copies + two extra copies enclosed.
THANK YOU!!

TAX ID NO.: 11-3030135                         (516) 571-3056    Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.      :  01-77350
Case No.     :
ZORC & CHASE v COUNTY OF NASSAU

Invoice No.: 150200
Date         :  09/12/2006
TOTAL DUE  :    1,445.00

| PAYMENT WITH CREDIT CARD |
|---|
| Card Holder's Name: _____ |
| VISA/MC/AmExp #: _____ |
| Exp. Date: _____ Phone #: _____ |
| Billing Address: _____ |
| Amount to Charge: _____ Zip: _____ |
| Cardholder's Signature: _____ |

Remit To:     SUZANNE HAND & ASSOCIATES, INC.
              Court Reporting & Transcription Services
              One South Bay Avenue
              Islip, NY 11751

10/19/2007  10:54    631-2   -9798         HAND COURT REPORTING         PAGE  11



# Suzanne Hand
## & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700  Fax: (631) 277-9798

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 151426 | 11/22/2006 | 01-78400 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 11/13/2006 | FOLEMA | |

| CASE CAPTION |
|---|
| ZORC & CHASE v COUNTY of NASSAU |

| TERMS |
|---|
| Due upon receipt |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

| | | |
|---|---|---|
| Original and  Four (4) copies of Transcript of: | 277 Pages | 1,315.75 |
| MINUTES  OF  PROCEEDINGS | | 20.00 |
| REPORTER  ATTENDANCE | | |
| | TOTAL  DUE  >>>> | 1,335.75 |

TIME: 9:00a.m. - 4:00p.m.
Original & two copies + two extra copies.

TAX ID NO.:  11-3030135                    (516) 571-3056    Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.   :  01-78400
Case No.  :
ZORC & CHASE v COUNTY of NASSAU

Invoice No.:  151426
Date      :  11/22/2006
TOTAL  DUE :  1,335.75

| PAYMENT WITH CREDIT CARD |
|---|
| Card Holder's Name: _____ |
| VISA/MC/AmExp #: _____ |
| Exp. Date: _____  Phone #: _____ |
| Billing Address: _____ |
| Amount to Charge: _____  Zip: _____ |
| Cardholder's Signature: _____ |

Remit To:    SUZANNE HAND & ASSOCIATES, INC.
             Court Reporting & Transcription Services
             One South Bay Avenue
             Islip, NY 11751



# Suzanne Hand
## & Associates Inc.
Court Reporting & Transcription Services
(631) 277-2700 Fax: (631) 277-9798

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 151524 | 11/29/2006 | 01-78401 |
| JOB DATE | REPORTER(S) | CASE NUMBER |
| 11/14/2006 | FOLEMA | |

**CASE CAPTION**

ZORC & CHASE v COUNTY OF NASSAU

**TERMS**

Due upon receipt

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

| | | |
|---|---|---|
| Original and Four (4) copies of Transcript of:<br>MINUTES OF PROCEEDINGS<br>APPEARANCE FEE | 316 Pages | 1,501.00<br>20.00 |
| | TOTAL DUE >>>> | 1,521.00 |

Time: 9:00A.M. - 4:02P.M.
Original & two copies + two extra copies enclosed.

TAX ID NO.: 11-3030135          (516) 571-3056     Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Job No.    : 01-78401
Case No.   :
ZORC & CHASE v COUNTY OF NASSAU

Invoice No.: 151524
Date       : 11/29/2006
TOTAL DUE  :   1,521.00

**PAYMENT WITH CREDIT CARD**

Card Holder's Name: _____
VISA/MC/AmExp #: _____
Exp. Date: _____ Phone #: _____
Billing Address: _____
Amount to Charge: _____ Zip: _____
Cardholder's Signature: _____

Remit To:    SUZANNE HAND & ASSOCIATES, INC.
Court Reporting & Transcription Services
One South Bay Avenue
Islip, NY 11751



# Suzanne Hand
## & Associates Inc.

Court Reporting & Transcription Services
(631) 277-2700  Fax: (631) 277-9798

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 154850 | 06/18/2007 | 01-81719 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 06/08/2007 | POLEMA | |

| CASE CAPTION | | |
|---|---|---|
| ZORC & CHASE v COUNTY OF NASSAU | | |

| TERMS | | |
|---|---|---|
| Due upon receipt | | |

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

| | | |
|---|---|---|
| Original and  Four (4) copies of Transcript of: | | |
| MINUTES OF PROCEEDINGS | 441 Pages | 2,094.75 |
| REPORTER ATTENDANCE | | 20.00 |
| | TOTAL  DUE  >>>> | 2,114.75 |

Time: 9:00a.m. - 6:08p.m.
Original & two copies + two extra copies enclosed.

TAX ID NO. : 11-3030135                    (516) 571-3056    Fax (516) 571-3081

*Please detach bottom portion and return with payment.*

Job No.    :  01-81719
Case No.   :
ZORC & CHASE v COUNTY OF NASSAU

RALPH REISSMAN, ESQ.
NASSAU COUNTY ATTORNEY
LORNA B. GOODMAN
ONE WEST STREET, SECOND FLOOR
MINEOLA, NY 11501

Invoice No.:  154850
Date       :  06/18/2007
TOTAL  DUE  :    2,114.75

### PAYMENT WITH CREDIT CARD

Card Holder's Name: _____
VISA/MC/AmExp #: _____
Exp. Date: _____  Phone #: _____
Billing Address: _____
Amount to Charge: _____  Zip: _____
Cardholder's Signature: _____

Remit To:    SUZANNE HAND & ASSOCIATES, INC.
Court Reporting & Transcription Services
One South Bay Avenue
Islip, NY 11751

# EXHIBIT E



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

**Via First Class Mail**

December 19, 2007

Judith L. Chase & Joseph Zorc, Esq.
Zorc & Chase
1719 19th Street, NW
Washington, DC  20009-1605

Ralph Reissman, Esq.
County Attorney
Nassau County Executive Building
One West Street
Mineola, NY  11501

Re: 13 194 02690 04
    Judith L. Chase, Esq., Joseph M. Zorc, Esq.
    and Zorc & Chase
    and
    Nassau County, NY

Dear Parties:

Enclosed please find the hard copy of the duly executed Order of the Clarification of Award for this matter, previously transmitted to you electronically on November 29, 2007.

We are this date closing our files. Please note that the case file will be destroyed fifteen (15) months after the date of this letter.

We appreciate the opportunity to assist the parties in the resolution of this matter.

Sincerely,

*C. J. Batchelder*

Carol J. Batchelder on behalf of Hannah R. Cook
Case Manager
401 431 4708
cookh@adr.org

*Supervisor Information: Heather Santo, 401 431 4702, SantoH@adr.org*

Encl.

cc:   Eugene I. Farber, Esq.          w/o encl. via email
      Edna R. Sussman, Esq.                  "
      Michael G. Berger, Esq.                "

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL
---------------------------------------------------------------x
Judith L. Chase, Esq., Joseph M. Zorc, Esq. and
Zorc & Chase,

               Claimants,              **Case No. 13 194 02690 04**

 -and-

Nassau County, NY

               Respondent.
---------------------------------------------------------------x

## <u>ORDER</u>

THE UNDERSIGNED ARBITRATORS, having received a request for clarification of the Award dated October 17, 2007 from Respondent, and the Arbitrators being advised that Claimant has submitted no opposition to such request for clarification, it is hereby Ordered as follows:

Paragraphs J(3) and J(4) of this Panel's Award dated October 17, 2007 are amended as follows:

1. The second sentence of paragraph J(3) is amended to read as follows:

"Therefore, within 30 days of the date of this Award, the Claimants shall reimburse Respondent the sum of $82,484.81, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by the Respondent."

2. Paragraph J(4) is amended to add a second sentence as follows:

Within 30 days of the date of this Award, Claimants shall reimburse Respondent for the same."

11-28-07
_____
Date

_____
Eugene I. Farber

_____          _____
Date                              Michael G. Berger

_____          _____
Date                              Edna R. Sussman


I, Eugene I. Farber do hereby affirm upon my oath as Arbitrator that I am the individual
described in and who executed this instrument which is my Award.

11-28-07
_____          _____
Date                              Eugene I. Farber


I, Michael G. Berger, do hereby affirm upon my oath as Arbitrator that I am the
individual described in and who executed this instrument which is my Award.

_____          _____
Date                              Michael G. Berger


I, Edna R. Sussman, do hereby affirm upon my oath as Arbitrator that I am the
individual described in and who executed this instrument which is my Award.

_____          _____
Date                              Edna R. Sussman


2

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL
------------------------------------------------------------x
Judith L. Chase, Esq., Joseph M. Zorc, Esq. and
Zorc & Chase,

                Claimants,                  **Case No. 13 194 02690 04**

  -and-

Nassau County, NY

                Respondent.
------------------------------------------------------------x

## <u>ORDER</u>

    THE UNDERSIGNED ARBITRATORS, having received a request for clarification

of the Award dated October 17, 2007 from Respondent, and the Arbitrators being

advised that Claimant has submitted no opposition to such request for clarification, it is

hereby Ordered as follows:

    Paragraphs J(3) and J(4) of this Panel's Award dated October 17, 2007 are

amended as follows:

    1.  The second sentence of paragraph J(3) is amended to read as follows:

    "Therefore, within 30 days of the date of this Award, the Claimants shall
    reimburse  Respondent the sum of $82,484.81, representing that portion
    of said fees and expenses in excess of the apportioned costs previously
    incurred by the Respondent."

    2.  Paragraph J(4) is amended to add a second sentence as follows:

    Within 30 days of the date of this Award, Claimants shall reimburse
    Respondent for the same."

_____       _____
Date                          Eugene I. Farber

___11/28/07___                    Michael G. Berger
Date

_____                  _____
Date                             Edna R. Sussman


I, Eugene I. Farber do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.


_____                  _____
Date                             Eugene I. Farber


I, Michael G. Berger, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

___11/28/07___                   Michael G. Berger
Date


I, Edna R. Sussman, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.


_____                  _____
Date                             Edna R. Sussman

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION TRIBUNAL
-------------------------------------------------------------------x
Judith L. Chase, Esq., Joseph M. Zorc, Esq. and
Zorc & Chase,

                 Claimants,              **Case No. 13 194 02690 04**

  -and-

Nassau County, NY

                 Respondent.
-------------------------------------------------------------------x

## <u>ORDER</u>

THE UNDERSIGNED ARBITRATORS, having received a request for clarification of the Award dated October 17, 2007 from Respondent, and the Arbitrators being advised that Claimant has submitted no opposition to such request for clarification, it is hereby Ordered as follows:

Paragraphs J(3) and J(4) of this Panel's Award dated October 17, 2007 are amended as follows:

  1.  The second sentence of paragraph J(3) is amended to read as follows:

"Therefore, within 30 days of the date of this Award, the Claimants shall reimburse  Respondent the sum of $82,484.81, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by the Respondent."

  2.  Paragraph J(4) is amended to add a second sentence as follows:

Within 30 days of the date of this Award, Claimants shall reimburse Respondent for the same."

_____        _____
Date                           Eugene I. Farber

Date _____

Michael G. Berger _____

11/28/07

Date _____

Edna R. Sussman

I, Eugene I. Farber do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

Date _____

Eugene I. Farber _____

I, Michael G. Berger, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

Date _____

Michael G. Berger _____

I, Edna R. Sussman, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

11/28/07

Date _____

Edna R. Sussman _____

2

INDEX NO. *07-023186*

---

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NASSAU

---

COUNTY OF NASSAU,

Petitioner,

- against -

JUDITH L. CHASE, JOSEPH M. ZORC
and ZORC & CHASE,

Respondents.

---

Certification Pursuant
Rule 130-1.1-a

Ralph J. Reissman
Deputy County Attorney

---

NOTICE OF PETITION TO CONFRIM
ARBITRATION AWARD AND VERIFIED PETITION

---

**LORNA B. GOODMAN**
**Nassau County Attorney**
**Attorneys for Petitioner**
**Ralph J. Reissman, Of Counsel**
**One West Street**
**Mineola, New York 11501**
**(516) 571-3046**