FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ MAR 1 7 2009 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
..................................................................x
COUNTY OF NASSAU,

                Petitioner            MOTION; OPPOSITION

- versus -                          08-CV 0082 (TCP, WDW)

                                     Related Cases:

JUDITH L. CHASE, JOSEPH M. ZORC and   CV 05-00662 (TCP, WDW) (pending)
ZORC & CHASE,                             CV 05-04856 (TCP, WDW) (pending)
                                           CV 04-05386 (TCP, WDW) (closed)
                 Respondents, *pro se*       CV 04-03133 (TCP, WDW) (closed)
..................................................................x

## RESPONDENTS' MOTION FOR AN ORDER
## VACATING AN ARBITRATION AWARD
## AND OPPOSITION TO CROSS MOTION TO CONFIRM

Respondents *pro se* Judith L. Chase, Joseph M. Zorc and Zorc & Chase (Z&C) move this Court for *vacatur* of an arbitration award rendered on October 17, 2007, as modified on November 28, 2007 (the "Award") in American Arbitration Association Case No. 13 194 02690 04 (the "Arbitration). Respondents oppose Petitioner's cross motion to confirm the Award. A proposed order is submitted herewith.

### GROUNDS FOR *VACATUR*

1. This motion is made pursuant to Section 10(a) of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* including the manifest disregard of the law standard embodied therein. See *Stolt-Nielsen SA v. AnimalFeeds International Corp.*, 548 F.3d 85 (2d Cir. 2008), interpreting *Hall Street Associates LLC v. Mattel, Inc.*, 2008 U.S. LEXIS 2911(2008). See, also, *Porzig v. Dresdner Kleinwort Benson North America LLC*, 497 F.3d 133 (2d Cir. 2007); *Wallace v. Buttar*,

376 F.3d 182 (2d Cir. 2004); *Hardy v. Walsh Manning Securities, L.L.C.*, 341 F.3d 126 (2d Cir. 2003); *New York Telephone Company v. Communications Workers of America Local 1100*, 256 F.3d 89 (2d Cir. 2001); *Halligan v. Piper Jaffray*, 148 F.3d 197 (2d Cir. 1998).

2. As demonstrated in Respondents' accompanying Memorandum of Law ("Z&C Memorandum of Law"), the accompanying affidavit of Respondents Judith L. Chase and Joseph M. Zorc ("Z&C Affidavit") and Respondents' accompanying Consolidated Memorandum of Law in support of their Response and Reply ("Z&C Consolidated Memorandum of Law"):

(a) *Vacatur* is required under the Federal Arbitration Act because the arbitrators manifestly disregarded well defined and explicit principles of New York law by which the August 2, 1993 agreement between the parties ("Agreement") was governed. These principles were clearly applicable to the Arbitration. The arbitrators, three New York attorneys, knew of these governing principles of law and refused to apply them or ignored them altogether.

(b) *Vacatur* is required under the Federal Arbitration Act because the arbitrators manifestly disregarded well defined and explicit principles of law in the Second Circuit by which the award of costs and fees were governed. These principles were explicitly made applicable to the arbitrators' award of costs and fees by the arbitrators themselves. The arbitrators knew of these governing principles of law in the Second Circuit and refused to apply them or ignored them altogether.

(c) *Vacatur* is required under the Federal Arbitration Act because the Award demonstrates evident partiality on the part of the arbitrators.

(d) *Vacatur* is required under the Federal Arbitration Act because the arbitrators refused to hear evidence pertinent and material to the Arbitration and interfered with Zorc & Chase's

presentation of Zorc & Chase's direct case in such a manner as to prejudice Zorc & Chase's right to a full, fair and impartial hearing.

3. On January 17, 2008, Respondents timely served a Notice of Motion to Vacate on Petitioner in full compliance with Section 12 of the Federal Arbitration Act.[1]

4. On January 17, 2008 Respondents also served on Petitioner copies of the Z&C Memorandum of Law, the Z&C Affidavit, all exhibits to the Z&C Affidavit and a copy of a draft motion.

5. On April 16, 2008, Petitioner served a Notice of Cross-Motion to confirm the arbitration award. Petitioner's Notice of Cross-Motion was accompanied by copies of Petitioner's Memorandum of Law, a Declaration of counsel for Petitioner and Exhibits A through E to the Declaration.

6. On September 16, 2008, Respondents served their Consolidated Memorandum of Law in response to Petitioner's Cross-Motion and in reply to Petitioner's Memorandum of Law.

7. On November 18, 2008 Petitioner served its Reply Memorandum.

8. The exhibits to the Z&C Affidavit include a copy of the Agreement (Z&C Affidavit, Exhibit Volume C), a copy of the Award (Z&C Affidavit, Exhibit Volume A, Tab 6) and an

---

[1] On January 17, 2008 Respondents filed with this Court an Affirmation of Service of their Notice of Motion to Vacate, in order to document their timely compliance with Section 12 of the Federal Arbitration Act. Attached as exhibits to said Affirmation of Service were, *inter alia*, a copy of Respondents' Notice of Motion and a draft motion, which had been duly served on Petitioner. On April 2, 2008 Honorable United States Senior District Court Judge, Thomas C. Platt, ordered that Respondents' motion be denied without prejudice and reopened on the date established by the Court's Clerk for the filing of all papers related to Respondents' Motion to Vacate and Petitioner's Cross-Motion to Confirm. On December 31, 2008 that filing date was established as March 17, 2009. The instant Motion is the reopened motion referred to in Senior Judge Platt's April 2, 2008 Order, with modifications to reflect recent case law, the parties' briefs and Petitioner's cross motion.

electronic copy (CD-ROM) of the transcripts of the twelve evidentiary hearings in the Arbitration (Z&C Affidavit, Exhibit Volume A, Tab 11).

9. The exhibits to the Z&C Affidavit also include documentation demonstrating that the arbitrators were thoroughly briefed on the applicable principles of law. These documents are:

    (a)    Z&C's Pre-Hearing Brief (Z&C Affidavit, Exhibit Volume B, Tab 1)

    (b)    Z&C's Post Hearing Brief (Z&C Affidavit, Exhibit Volume B, Tab 3)

    (c)    Z&C's Reply Brief (Z&C Affidavit, Exhibit Volume B, Tab 5)

    (d)    Nassau County's Pre-Hearing Brief (Z&C Affidavit, Exhibit Volume B, Tab 2)

    (e)    Nassau County's Post Hearing Brief (Z&C Affidavit, Exhibit Volume B, Tab 4)

    (f)    Nassau County's Application for Legal Fees and Expenses (Z&C Affidavit, Exhibit Volume B, Tab 6) and

    (g)    Z&C's Letter of Objections to Nassau County's Application for Legal Fees and Expenses (Z&C Affidavit, Exhibit Volume B, Tab 7).

10. The parties' exhibits in the Arbitration were voluminous. Their initial exhibits alone consisted of thirty-one volumes (mostly three-inch binders) of documents. In addition there were eight bankers' boxes of demonstrative exhibits. During the hearings, both parties supplemented their original exhibits with hearing exhibits. At the end of the hearings, the arbitrators asked the parties to submit volumes containing their "key" exhibits. The parties also provided the arbitrators with volumes containing copies of all cases cited in their briefs. [2] The Z&C Affidavit

---

[2] Zorc & Chase cited 26 cases in its Pre-Hearing Brief, 57 cases in its Post-Hearing Brief, 28 cases in its Reply Brief and eight cases in its Objections to the County's Fee Application. The County cited 41 cases in its post-hearing brief and 23 cases in its reply brief. (The County did not cite any cases in its pre-hearing brief and did not file any objections to Zorc & Chase's Fee Application.)

annexes those documents which Z&C believes are relevant to this Motion. Z&C **proffers** any additional documents and information from the Arbitration record that this Court deems relevant.

11. The arbitrators' evident partiality makes remand to the arbitrators an ineffective remedy. *See* Paragraphs 33, 34, 36 and 37 of the Z&C Memorandum of Law and Paragraphs 19 and 21 of the Z&C Consolidated Memorandum of Law.

12. The Arbitration lasted more than three years from the date of filing of Zorc & Chase's demand for arbitration on November 15, 2004 until issuance of the arbitrators' modification of the Award on November 28, 2007. The fees paid by both parties to the American Arbitration Association and the compensation paid by them to the arbitrators, along with the costs of hearing room rentals, Z&C's travel to Long Island and lodging, and the stenographic record, exceeded $400,000. This does not take into account the time value to Z&C of its *pro se* representation and the time value of the County's representation by Deputy County Attorneys. Remanding the arbitration proceedings to the American Arbitration Association would be time and cost prohibitive. This Arbitration already makes a mockery of the concept of arbitration as an accelerated and less expensive alternative to court proceedings.

13. In addition, or as an alternative, to *vacatur*, Respondents respectfully request this Court to exercise its supervisory powers to prevent the use of this Arbitration to perpetrate injustice, as discussed in Paragraph 20 of the Z&C Consolidated Memorandum of Law and in Paragraph 38 of the Z&C Memorandum of Law.

14. **Opposition.** Respondents oppose Petitioner's cross motion to confirm the Award on the basis of the facts, arguments and authorities set forth above and in the Z&C Memorandum of Law, the Z&C Affidavit and the Z&C Consolidated Memorandum of Law.

15. In September 2007 the parties agreed to mediate all of their differences before United States District Court Magistrate Judge William D. Wall and to suspend a then-pending sixth arbitration.[3] The American Arbitration Association therefore suspended the sixth arbitration. In February 2008 the Executive Chief Deputy County Attorney directed the Deputy County Attorney handling the case to renege on the County's agreement to mediate. Mediation appears to be the only viable method of resolving the parties' disputes, since arbitration – at least in the instant case – has proved to be an extraordinarily lengthy and expensive procedure with results to date that have proved entirely ineffective. As Justice Stephen Buccaria of the New York State Supreme Court held in *County of Nassau v. Zorc & Chase*, Sup. Ct. Index No. 003360/04 (June 1, 2004): a "prolonged arbitration proceeding . . . could quite possibly force the firm to close its doors. Such a course of action constitutes the imposition of substantial prejudice on Zorc & Chase."

WHEREFORE, it is respectfully requested that this Court: (a) grant Respondent's Motion to vacate the Award, (b) deny Petitioner's Cross Motion to confirm the Award, (c) vacate the award, (d) refer the matter to Magistrate Judge Wall for further action not inconsistent with this Order and (e) order such other and further relief as this Court may deem warranted.

[Signatures on Next Page]

---

[3] See footnote 6 on page 10 and footnote 19 on page 19 of the Z&C Consolidated Memorandum of Law.

Respectfully submitted,

_____
Judith L. Chase, Respondent *pro se*

_____
Joseph M. Zorc, Respondent *pro se*

ZORC & CHASE
1719 19th Street, N.W.
Washington, D.C. 20009-1605
Phone: (202) 667-5000
Fax:    (202) 234-1616
E-mail: ZorcandChase@att.net